## 207. ATHENS MUTUAL INSURANCE CO. *v.* TONEY.

A policy of fire-insurance contained this condition: "This entire policy, unless otherwise provided, by agreement endorsed hereon or added hereto, shall be void, . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." The house covered by this policy became vacant and unoccupied, and so remained for thirty days, when it was reoccupied. The house was destroyed by fire after reoccupancy. The violation of the condition as to vacancy in no way contributed to the loss, and the insurance company did not declare a forfeiture because of such violation. *Held,* that the policy did not become absolutely void by

reason of the house having become vacant and remaining so for thirty days; the insurance was merely suspended during the period of violation, and. revived upon the reoccupancy of the house, and became again of binding force and effect.

Action for damages, from city court of Jefferson—Judge Stark. December 26, 1906.

Argued February 27,—Decided March 22, 1907.

*T. S. Mell,* for plaintiff in error. *J. S. Ayers,* contra.

HILL, C. J. The Athens Mutual Insurance Company issued to M. G. Toney a policy of insurance covering a dwelling-house occupied by a tenant, which contained the following clause: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." The undisputed evidence was, that one tenant moved out of the house on December 7, 1905, and that another tenant moved in on January 6, 1906, and that the house was vacant and unoccupied between these two dates. No consent to or waiver of the vacancy was made by the insurance company. The house was burned on February 6, 1906. The sole question submitted for our decision is the construction of the above-quoted clause of the policy contract.

Did the vacancy terminate the policy, or was the policy merely suspended during the period of prohibited vacancy, and again revived upon a reoccupancy? The well-settled rule for construing a policy of insurance is that the language used in it "must be liberally construed in favor of the assured, so as not to defeat, without a plain necessity, his claim to indemnity, which, in making the insurance, it was his object to secure. When the words are, without violence, susceptible of two interpretations, that which will sustain his claim and cover loss must in. preference be adopted." 1 May on Insurance, sec. 175. No rule in the interpretation of the policy is more fully established or more imperative and controlling than the one above given. In construing clauses and conditions in policies of insurance similar to, and in some cases identical with, the one quoted from the policy now under consideration, there exists much conflict in the authorities, both in the dicta of standard text-writers and the decisions of the courts. Some declare that the proper construction is, that if the premises remain

vacant more than ten days or beyond the period fixed in the policy, it becomes absolutely void, and that the reoccupancy of the premises can not have the effect of reviving the policy; and that although the fire occurred after the breach of the vacancy condition and after the premises had been reoccupied, and did not contribute to the loss, the right of the insurer to avoid the policy existed. Others entitled to as much weight hold, that the effect of a prohibited vacancy is merely to suspend the insurance during the existence of the vacancy, and if the premises again become occupied, the liability under the policy again attaches. Between these conflicting views, we prefer to accept that which appears to us not only to be most consistent with well-established principles of law and supported by sound reason, but also demanded by the dictates of justice and fairness.

The fact that such conflict does exist would seem to make a case for interpretation and construction, and an appropriate application of the imperative and controlling rule of construction above referred to. Bearing in mind this liberal and just rule of interpreting contracts, we will endeavor to show that the violation of the condition of the policy as to vacancy did not render the contract absolutely void, but merely suspended the insurance during the violation; and that upon the reoccupation of the tenant house, the policy again attached, and that a loss thereafter should be paid by the company. Elliott on Insurance, sec. 205, collating the authorities on the question, deduces from them the following statement of the law: "The weight of authority seems to support the view that a violation of a condition that works a forfeiture of the policy merely suspends the insurance during the violation, and if the violation is discontinued during the life of the policy and does not exist at the time of the loss, the policy revives and the company is liable, although it had never consented to the violation of the policy, and such violation has been such that the company could, had it known of it at the time, have declared a forfeiture therefor." Cooley also declares this construction to be the better rule. Briefs on the Law of Insurance, 1680. And in a note on the subject, following the report of the leading case of Born *v.* Home Insurance Company, 80 American State Reports, 305, the learned editor states that "the general rule to be deduced from the weight of authority is, that the violation of a condition in a policy

of insurance which works a forfeiture thereof merely suspends the insurance during the violation, and that if such violation is discontinued during the life of the policy, and is nonexistent at the time of the loss, the policy revives, the insurance is restored, and the insurer is liable, although he had never consented to a violation of the conditions in the policy."

In support of the principle here announced, we call attention to the decisions of courts construing cognate conditions of policies of fire-insurance. If a policy of insurance provides that it shall become forfeited if the property is thereafter mortgaged without the consent of the company, the fact that the property was so mortgaged does not avoid the policy, provided the mortgage is paid off and satisfied prior to the loss; as such payment operates to restore the property to the protection of the policy. Born v. Home Insurance Co., supra. Similar rulings have been repeatedly made by the Supreme Court of Nebraska, and also in Tompkins v. Hartford Fire Ins. Co., 22 N. Y. App. Div. 380. If a policy of fire-insurance contains a condition that it shall be void if the premises are put to a different use, or if certain prohibited articles are placed thereon, without the consent of the insurer, and such use or the keeping of such articles thereon is abandoned or discontinued before the loss occurred, and did not in any way affect the risk at the time of the loss, the insurance is merely suspended during such prohibited use of the premises, and revives immediately upon its discontinuance. This has been uniformly ruled by the Supreme Court of Illinois. See 80 Am. State R. 306, where the cases are cited. This was also held to be the rule in Lounsbury v. Protection Ins. Co., 8 Conn. 459; Phœnix Ins. Co. v. Lawrence, 4 Met. 9; Joyce v. Maine Ins. Co., 45 Maine, 168; United States Ins. Co. v. Kimberley, 34 Maryland, 234; Garrison v. Farmers Fire Ins. Co., 66 N. J. L. 235; Mutual Fire Ins. Co. v. Coatesville Shoe Factory, 80 Pa. St. 407; Hinckley v. Germania Fire Ins. Co., 140 Mass. 38. In this last case the court says, "There is no rule of law preventing the revival of a policy of insurance after a temporary suspension. 'The doctrine that the risk may be suspended and again revive without an express provision for that purpose, seems to be within the strictest juridical principles.'" Without incumbering this opinion with other citations, we content ourselves with stating that similar rulings have been frequently made by the

courts of last resort in different States where the conditions in the policy were absolute that the policy would be void if other insurance was obtained without the consent of the insurer, or if there was a temporary alienation of the property insured.

Construing conditions as to vacancy, it has also been repeatedly held, that although the premises had been permitted to become vacant and remain so beyond the specified time, this did not render the policy absolutely void, but the insurer must declare the forfeiture while the violation existed, or the loss must have occurred during such period of violation; otherwise, if the property was reoccupied, the insurance was restored and liability under the policy again attached. Stephens *v.* Phœnix Ins. Co., 85 Ill. App. 671; Ring *v.* Phœnix Ins. Co., 145 Mass. 426. See also cases cited by 2 Cooley's Briefs on the Law of Insurance, 1680. In the case of Insurance Co. of North America *v.* Pitts, decided by the Supreme Court of Mississippi, June 4, 1906, 41 Southern Rep. 5, a clause exactly similar to that in the instant case was construed, and under identical facts as to vacancy. The court held, that if the loss had occurred during the prohibited vacancy, there could be no recovery, and said that although authorities were not wanting to sustain the view that if the premises had been unoccupied for a longer time than ten days, but were reoccupied before the fire occurred, yet the insurance was forfeited, and no right to recovery existed, the court preferred "to stand on the manifest trend and weight of modern authority" that these facts did not terminate, but suspended the insurance, which again became effective after reoccupancy; that "if the insurance had been for three years or more, and the premium paid, and the vacancy during the first month, and the fire afterwards and during occupancy, it would be very unfair to deprive the insured of protection. The common people who insure should not be entrapped by a harsh construction of a technical word. The insurance is revived by occupancy, though suspended during the vacancy."

So much for the authorities in support of the position announced by this court. We are also very clear that this position is also more in consonance with justice and sound reasoning. When the words of the policy are that the insurance shall be void if the premises insured be and remain vacant longer than ten days, without the consent of the insurer, the meaning is simply that if a loss oc-

curs during the prohibited vacancy the policy is void. The clause in question should be so construed as to accomplish no more than the purpose for which it was inserted. Its sole purpose is to protect the insurer against the risk resulting from non-occupation; and if this risk is terminated by reoccupancy, the reason for the condition is also terminated. It would be a harsh and unjust rule to hold that a condition which in no wise contributed to the loss should work a forfeiture of the insurance. The principle of the old legal maxim, "cessante ratione legis cessat ipsa lex," would seem to be applicable. If the operation of a law no longer existed because the reason for such operation had ceased to exist, why would not a condition in a contract cease to exist when the reason for that condition had terminated? No maxim of construction of contracts is better established, or has been more generally approved than that of Lord Coke, "He who considers merely the letter of an instrument goes but skin deep into its meaning;" and too minute a stress should not be laid on the strict and precise signification of words, to the destruction of the intention of the parties and the spirit of the contract.

It is insisted by the learned counsel for the plaintiff in error, that in construing this clause, the word "void" must be given its usual and common signification, and that the word means "null; having no legal or binding force;" and it is upon this theory that the courts have given to this condition in policies of insurance a strict construction, to wit, that the words were plain and unambiguous. It is interesting to note that in order to carry out the spirit of the law and to prevent injustice arising from a too strict construction, the word "void" has sometimes been construed as voidable. The statute of this State (Civil Code, §2488) is positive and mandatory in the declaration that any sale of the separate estate of the wife, made to a creditor of the husband in extinguishment of the husband's debts, "shall be absolutely void." Certainly the words "shall be absolutely void," as contained in this section, are as strong and unequivocal as the words "shall be void," contained in the clause of this policy of insurance; yet the Supreme Court has frequently construed them not according to their literal meaning, when such meaning was antagonistic to the rights of bona fide purchasers.

· 32

We can not believe that the parties to this insurance contract intended that a temporary vacancy for a reasonable period beyond the ten days should result in a forfeiture of the insurance. The policy was taken out for a term of three years, from July 2, 1905, and the premium was paid for the entire three years in advance. The vacancy existed for thirty days, from December 7, 1905. The house was reoccupied from January 6, 1906, and the fire occurred February 6, 1906, after the house had been reoccupied. This left over two years of the policy still in force. If the insured had thought that this temporary vacancy destroyed the value of his policy, he would unquestionably have taken some steps to have the forfeiture waived, or another policy written; and the insurer should have declared the forfeiture, if it had known of the vacancy, and should have tendered back to the insured the unearned portion of the premium. And if such temporary vacancy was to be treated by the insurer as a forfeiture of the policy, or it had been contemplated that such temporary vacancy would forfeit the policy, the policy should have made a provision for the return of the unearned portion of the premium. Suppose that the fire in this case had not occurred until the day before the expiration of the policy in 1908, would it be contended that the company, if it had had knowledge of the vacancy during all this time, could have declared a forfeiture; or, even without knowledge of the vacancy, should be allowed to declare the forfeiture without paying back to the insured all the unearned portion of the premium during the period that the policy had been forfeited?

Another reason why we do not think that the company intended that a vacancy existing for a reasonable time beyond the ten days should work a forfeiture of the insurance is found in the custom of the country. The house was insured as a house occupied by a tenant. The custom of tenants in the country changing their homes at the end of the year must have been well known; indeed we think that the company was chargeable with notice of such custom; and the condition in the policy should be construed, therefore, on the question of vacancy, so as to allow reasonable intervals between the outgoing and incoming of tenants. That the word "vacancy" in such contracts should be so construed has been frequently ruled. Mr. Cooley, in his Briefs on the Law of Insurance, citing many authorities, says: "It is a well-settled rule that when

the premises are described in a policy as occupied by a tenant, change of tenants was contemplated by the parties, and therefore any temporary vacancy caused by or incident to such change is not within the purview of the vacancy clause." We do not think that the ten days indulgence in the policy as to vacancy was given for the purpose of making provision for this particular custom in reference to changing tenants; for we doubt not that this vacancy limit is the same in all the standard policies of fire-insurance, whether written on property in the country or in town. A reasonable time for such usual and probable changes must have been in the contemplation of both parties to the contract when it was made, and without reference to the ten days limit.

But we place our decision squarely on the proposition that the violation of the condition as to vacancy in this case in no wise contributed to the loss. The increased hazard existed while the house was vacant, but when the house was reoccupied the danger from vacancy terminated, and the policy again attached and became of binding effect, and the company was liable for the loss. The verdict of the jury was right.　　　　*Judgment affirmed.*