23463. HOME INSURANCE COMPANY OF NEW YORK *v.* JOHNSON. .

Decided September 21, 1934.

*Spalding, MacDougald & Sibley, Estes Doremus, Wilson, Bennett & Pedrick,* for plaintiff in error.

*J. T. Powell, I. J. Bussell,* contra.

STEPHENS, J. This is a suit by the insured in a fire-insurance policy, to recover on the policy for the loss of his dwelling house by fire. The sole defense was that the policy, under its provisions, had become void by the execution and delivery by the insured, without the consent of the insurer, of a deed conveying title to the property to another prior to the destruction of the house by fire.

The evidence was undisputed and without conflict, as follows: The policy contained the following provision "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . if any change, other than by the death of an insured, takes place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise, . . or if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." After the policy was issued and before the destruction by fire of the building covered by the policy, the insured, without the consent of the insurer, conveyed the property by warranty deed to his brother-in-law, who on the same day, by warranty deed, reconveyed the property to the insured. This was about seven weeks before the fire. The deed from the insured was recorded before the fire, but the deed from the brother-in-law was executed before the record of the deed from the insured and before the fire, but was not recorded until after the fire. The plaintiff never parted with possession of the property. He received nothing for it, but executed the deed for the purpose of defeating the collection of alimony from him by his wife. The transaction in no wise contributed to the loss. A verdict for the plaintiff was directed and the court overruled the defendant's motion for a new trial. The defendant excepted.

The authorities are in conflict as to whether, where this or a similar provision of a fire-insurance policy is breached, a removal of the situation causing the breach, before the property is destroyed by fire, will operate to revive the policy. See 26 C. J. 197. Among foreign authorities which hold that the policy is revived are Germania Fire Ins. Co. v. Turley, 167 Ky. 57 (179 S. W. 1059, Ann. Cas. 1917C, 931), and Born v. Home Insurance Co., 110 Iowa, 379 (81 N. W. 676, 80 Am. St. R. 300). Among those contra are the following: North River Ins. Co. v. Waddell, 216 Ala. 55 (112 So.

336); Mulville *v.* Adams, 19 Fed. 887; McKernan *v.* North River Ins. Co., 206 Fed. 984; Dolliver *v.* Granite State Fire Ins. Co., 111 Me. 275 (89 Atl. 8, 50 L. R. A. (N. S.) 1106); Moore *v.* Phœnix Ins. Co., 62 N. H. 240 (13 Am. St. R. 556). See Imperial Fire Ins. Co. *v.* Coos County, 151 U. S. 452 (14 Sup. Ct. 379, 38 L. ed. 231). Whatever may be the sounder view, this court, in *Athens Mutual Ins. Co.* v. *Toney,* 1 *Ga. App.* 492 (57 S. E. 1013), held that where the situation causing a forfeiture of the policy had ceased prior to the fire, and it in no wise contributed to the loss, the policy became revived and in force,—that the insurance had merely been suspended during the period of violation. The facts in that case were that the house covered by the policy, which had become vacant and had remained so for more than thirty days, became reoccupied and was occupied at the time of the fire. The policy in that case contained language, as respects its forfeiture by non-occupancy, identical with the language in the policy in the case now before the court. Although this case is criticized in Dolliver *v.* Granite State Fire Ins. Co. cited supra, it reviews the authorities pro and con, and lays down a rule which appears fair and just, and we are disposed to follow it.

The Supreme Court, in *Adair* v. *Southern Mutual Ins. Co.,* 107 Ga. 297 (33 S. E. 78, 45 L. R. A. 204, 73 Am. St. R. 122), in construing a provision in a fire policy which declares that the policy shall be forfeited "by any change in the use or condition of the building, including additions or repairs, or by the erection of other buildings, or in any other manner by which the degree of the risk is increased, unless due notice is given to the company and a new agreement is entered into," held that the provision applies to "such changes as are of a permanent nature, and not to mere temporary changes in the use and occupation of the premises," and that the mere temporary use of a threshing machine for a few hours on the premises did not work a forfeiture or suspension of the policy. The court, in the opinion, said that this clause of the policy has no reference "to such temporary use of the premises, but that it refers to changes in the use or condition of the buildings, or to changes in any other manner of a permanent nature, by which the degree of risk is increased." See also *Sandersville Oil Mill Co.* v. *Globe &c. Fire Ins. Co.,* 32 *Ga. App.* 722.

While the Supreme Court of this State, in *Farmers Mutual Ins.*

*Asso.* v. *Price,* 112 *Ga.* 264 (37 S. E. 427), held that where a fire policy provides that if at any time there shall be a change of title or ownership of the property insured "the obligations of the insured and the association shall at once cease," a conveyance by the insured to another rendered the policy, in the language of the court, "ipso facto void," there was no reconveyance of the title into the insured prior to the loss of the property by fire. The case of *Phœnix Ins. Co.* v. *Asberry,* 95 *Ga.* 792 (22 S. E. 717), is for the same reason distinguishable.

Nothing herein is affected by the provisions of section 2484 of the Civil Code of 1910, to the effect that "an alienation of the property insured and a transfer of the policy, without the consent of the insurer, voids it." This provision is susceptible of the same construction as the contractual provisions to the same effect contained in the policy. We therefore conclude that the alienation of the title to the property insured, under the circumstances and conditions appearing here, where the loss was in no wise affected thereby, did not void the policy, but that the policy was in force at the time of the fire. The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., concurs. Sutton, J., dissents.*