## HOME INSURANCE COMPANY OF NEW YORK *v.* JOHNSON.

No. 10545. AUGUST 6, 1935. REHEARING DENIED SEPTEMBER 28, 1935.

*Spalding, MacDougald & Sibley, Estes Doremus,* and *Wilson, Bennett & Pedrick,* for plaintiff in error.

*J. T. Powell, I. J. Bussell,* and *Krauss & Strong,* contra.

RUSSELL, Chief Justice. This case came to this court on petition for certiorari to review a judgment of the Court of Appeals. The Court of Appeals held that "A provision in a fire-insurance policy, and in a statute of this State, voiding the policy upon an

alienation of the title to the property by the insured, did not void the policy, where, before the loss of the property by fire, the insured, after parting with the title to the property, retained possession of the property, and immediately thereafter, on the same day, reacquired the title, and the transaction in no way contributed to the loss." The widespread interest of the citizens of Georgia in the protection of their property by insurance, as well as the importance of the proper construction of our statutes wisely designed to protect the rights of insurers, in the opinion of this court required the grant of the writ of certiorari in this case. As we glean it from the record, the facts are as follows: Johnson had a policy of insurance for $1000 on a dwelling-house, with the Home Insurance Company. The house was burned on April 21, 1932. The insurance company declined to pay the policy. Johnson brought suit to recover the amount of insurance. The outstanding defense of the insurance company (omitting others not now material) was that Johnson had breached one of the stipulations of the contract of insurance by alienating the property which was the subject of the insurance, the stipulation of the contract referred to providing: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . if any change, other than by the death of an insured, takes place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise," and that for that reason the contract of insurance was avoided. After the introduction of evidence the judge of the superior court directed a verdict in favor of the plaintiff for the amount of the policy. The defendant's motion for a new trial was overruled, and the Court of Appeals affirmed the judgment of the superior court. There is no ground in the motion for new trial complaining that the court erred in directing a verdict upon the ground that there were issues of fact which should have been submitted to a jury; and therefore it must be assumed that the only issue in the case is one of law; and it must be further assumed, for the purposes of the review here, that only the grounds of errors of law set forth in the application for certiorari are presented for decision in this tribunal.

The petitioner in its application for certiorari contends that the judgment of the Court of Appeals is erroneous, for four rea-

sons: (1) Because the Court of Appeals erred in affirming the judgment of the lower court. (2) Because the Court of Appeals erred in holding that if the policy had become void by reason of the transfer of title by the insured, such policy could be revived by the subsequent conveyance to the assured prior to the time of loss. (3) Because the Court of Appeals erred in holding that the alienation of the title to the property insured, under the circumstances and conditions appearing here, where the loss in no wise was affected thereby, did not avoid the policy, but that the policy was in force at the time of the fire; for the reason that the policy became ipso facto void upon the conveyance by the assured to Crosby, because the contract, being a personal one, could not be revived without the express consent of the insurer, based upon a valuable consideration. (4) Because the Court of Appeals erred in its ruling that the provisions of section 2484 of the Code of 1910, to the effect that "an alienation of the property insured and a transfer of the policy without the consent of the insurer, voids it," did not effect a termination of the policy where the property insured had been transferred, but had been reconveyed to the assured prior to the loss by fire; for the reason that the plain language of such statute clearly provides that the alienation of the property involved, without the consent of the insurer, makes the policy absolutely void, and there is no implication in the provision of such statute that would authorize the conclusion that a policy, once avoided, could be revived without the consent of the insurer, based upon a valuable consideration, particularly in a case where the contract is a personal one, and in which contract there likewise is a provision avoiding the policy by reason of any alienation of the insured property by the insured.

Ground (1) is too general to present any specific error and thereby invoke a ruling. Grounds (2), (3) and (4) will be considered together, because the correctness of the ruling of the Court of Appeals, that the alienation of the title to the property insured, under the circumstances appearing here, where the loss in no wise was affected thereby, did not avoid the policy, but that the policy was in force at the time of the fire, necessarily involves question (2) as to whether the policy could be revived where the assured only temporarily conveyed it to another, who shortly thereafter conveyed it back to the assured, and will also include

consideration of question (4) as to the relation and application of sec. 2484 of the Civil Code of 1910.

From the record it appears that the policy here involved contained a provision that "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . if any change, other than by the death of an insured, takes place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise." It is not disputed that, after the issuance of the policy and prior to the fire, plaintiff executed and delivered to his brother-in-law, Crosby, a warranty deed to the property covered by the policy of insurance. On the same day, and after the deed to the property was executed and delivered to him, Crosby made a deed to the property back to Johnson. The deed to Crosby was recorded shortly thereafter. Crosby's deed back to Johnson was not put on record until after the fire. Plaintiff testified that the reason he had made the deed to Crosby was because he was having difficulty with his wife, and was afraid that in the event of alimony proceedings his wife might get the property. He further testified he did not intend to sell the property to Crosby, and that the purpose of the deed was to keep down the alimony case, with no intention of selling it to him. The witness Crosby testified that he never intended buying the property from Johnson; that he never paid him anything for it, and never took possession of it at any time, before or after the fire; that Johnson remained in possession of the property at all times up to the date of the fire; that the policy of insurance had never been transferred to him, either before or after the fire; that he, Crosby, signed the deed conveying the property back to Johnson on the same date that Johnson had signed the deed to him; that the temporary deed to him was made to avoid, if possible, the filing of alimony proceedings by Johnson's wife.

From the foregoing statement it appears that there was never a completed sale, there was never an intention on the part of the purported grantee to buy, nor did the grantor intend to sell, and the grantor never for an instant gave up 'possession of the property. According to the undisputed testimony, the alleged transaction was not a conveyance made for the purpose of reducing or diminishing the alimony of the wife, for, so far as appears from the record, she

never had instituted any such proceeding before the court. It was an effort to becloud or camouflage, by the execution of this deed to Crosby, Johnson's financial condition, and thereby to prevent any application for alimony being made, and the sham succeeded in its purpose, causing the wife to rejoin her husband and preventing any application being made. We concur in the judgment of the Court of Appeals in affirming the judgment of the trial court, and agree that the opinion of the majority, delivered by Judge Stephens, is well supported by logic and law. The facts of this case present a striking analogy to the case of *Adair* v. *Southern Mutual Insurance Co.,* 107 *Ga.* 297 (33 S. E. 78, 45 L. R. A. 204, 73 Am. St. R. 122), and show that it is not the policy of the law to avoid a contract of insurance at the instance of the insurer where it plainly appears that the violation of a condition, such as is involved in this case, would in no way affect the loss, and did not contribute thereto in the slightest degree. In the *Adair* case, supra, the building which was insured was not to be used for threshing grain, and yet it was used for that purpose. The insurance company invoked this stipulation in the contract, but as the fire occurred several months after the threshing the court held that the policy was not avoided. In *Athens Mutual Ins. Co.* v. *Toney,* 1 *Ga. App.* 492 (57 S. E. 1013), discussed by Judge Stephens, a vacancy clause was involved, and the Court of Appeals held, speaking through Chief Judge Hill, that the policy was not avoided because the house remained vacant beyond the length of time specified in the clause, the fire occurring thereafter, and when the house was occupied. It is a general rule of almost universal application, that forfeitures are not favored, and it must be conceded that there can be a waiver of a forfeiture by the one entitled to forfeit the contract. When there is no waiver on the part of the insurer of the right to forfeit, and he promptly proceeds to return to the insured any unearned premiums, and informs him that the insurer stands upon the letter of the contract of insurance, the policy may be said to have been avoided ipso facto—by the very deed itself—of violating the stipulation. This will be found to be true in all the cases cited, so far as we can find, where that phrase appears in decisions of this court. The phrase "ipso facto" does not appear in any of the Code sections upon the subject of insurance. The Court of Appeals bases its decision upon the principle stated in *Athens Mutual Ins. Co.* v. *Toney,* supra, that

144

the contract of insurance may be only temporarily suspended by the violation of a stipulation in the contract similar to that now before us, and may thereafter be revived, and that if no loss was caused or can be attributed to the violation of one of these conditions, the company is not relieved from liability. We also affirm the judgment of the Court of Appeals in this case upon the principles stated in the Code of 1933, §§ 56-825, 56-827. Section 56-825 declares that "An alienation of the property insured *and a transfer of the policy* [italics ours], without the consent of the insurer, shall void the policy; but the mere hypothecation of the policy, or creating a lien on the property, shall not void the policy." But section 56-827, on the same subject and in pari materia with 56-825, must also be considered under the facts of this case. The latter part of section 56-827 declares that "A sale not fully executed, possession remaining with the assured, shall not void the policy." The execution of Johnson's deed to Crosby, and the immediate reconveyance of this property to Johnson, constituted but one transaction; and therefore the sale was not only not "fully executed," but it was not executed at all, and all the evidence is to the effect that Johnson never for one instant surrendered possession of the property insured. Under the plain provisions of section 56-827 there was no violation of the condition which forbade alienation of the property which the insurer undertook to insure; for there was no sale, nor even an intention to sell, as disclosed by the evidence in this case. As to simultaneous conveyances, see *Protestant Episcopal Church* v. *Lowe Co.*, 131 *Ga.* 666 (63 S. E. 136, 127 Am. St. R. 243) ; *Lewis* v. *Banks*, 171 *Ga.* 188 (4) (154 S. E. 785). Subject to such modifications of the opinion as herein stipulated, the judgment of the Court of Appeals is

*Affirmed. All the Justices concur, except Gilbert, J., absent.*