## 61566. REEVES v. NATIONAL SECURITY FIRE & CASUALTY COMPANY.

SOGNIER, Judge.

Reeves purchased a standard fire insurance policy from appellee National Security Fire & Casualty Co. (National) on October 22, 1977. The policy insured a house owned by Reeves against fire and other perils for the period from October 22, 1977 to October 22, 1978. On January 16, 1978 Reeves conveyed the insured property in fee simple to his daughter, Cathy Reeves, by warranty deed. On March 7, 1978 Cathy Reeves conveyed the property to Wayne W. Gammon by warranty deed, and on July 12, 1978 the house burned.

Clarence Reeves brought suit on the insurance policy to recover for the loss. National defended, inter alia, on the ground that the transfer of the insured property first to Cathy Reeves and then to Gammon voided the policy. National cited the following policy

provisions: "OWNERSHIP: This entire policy shall be void, unless otherwise provided by agreement in writing hereto:

"(a) if the interest of the insured be other than unconditional and sole ownership . . ."

On deposition, Reeves stated that the property was conveyed to his daughter Cathy without consideration to be held in trust for him pending certain marital difficulties. Gammon, an attorney, claimed to hold the property in trust for appellant until Gammon's fee for defending Reeves in an earlier matter could be paid from the proceeds of the sale of the property.

The trial court granted National's motion for summary judgment, and Reeves appeals.

Appellant contends that equitable title is sufficient ownership to support recovery against an insurer, citing *National Fire Ins. Co. v. King,* 49 Ga. App. 457 (176 SE 64) (1934); *Norwich Union Fire Ins. Soc. v. Sawyer,* 57 Ga. App. 739 (196 SE 223) (1938); and *Home Ins. Co. v. Johnson,* 181 Ga. 139 (182 SE 41) (1935) as authority. He argues that there is a question of fact with regard to his equitable title to the insured property. In the two cases cited, we found that "perfect" equitable title existed and that " 'one in possession of property and entitled to the legal title, has sole and unconditional ownership . . .' " *Norwich Union Fire Ins.,* supra, at p. 742. In the instant case, Reeves neither had possession nor was he entitled to legal title, having conveyed the property to his daughter. In *Home Ins. Co.,* supra, the insured transferred title to avoid alimony proceedings brought by his wife; however, possession had continued in the insured and there had been a reconveyance to the insured prior to the fire. The Supreme Court cited in support of its decision former Code Ann. § 56-827 which provided: " 'A sale not fully executed, possession remaining with the assured, shall not void the policy.' " Id. at 144. Each case cited differs substantially from the instant case.

We find this case controlled by *Republic Ins. Co. v. Chapman,* 146 Ga. App. 719 (247 SE2d 156) (1978) and cases cited therein, and *Aldridge v. Dixie Fire &c. Co.,* 223 Ga. 130 (153 SE2d 723) (1967). While in *Aldridge* the issue involved a transfer of title to the property without the consent of the insurer, the insured was found to have alienated the property, thus rendering the policy void as to her. Id. at 133. Thus, there is no sole ownership in Reeves as required by the policy provisions.

Accordingly, we find no jury issue created by Reeves' claim of equitable ownership, even construing the evidence most strongly against the movant National, as we must. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442) (1962).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 11, 1981.

*Joseph N. Anderson,* for appellant.
*Thomas E. Greer,* for appellee.