## 72716. NATIONAL SECURITY FIRE & CASUALTY COMPANY v. LONDON.
### (348 SE2d 580)

CARLEY, Judge.

In July of 1975, Mrs. Sallie Kimball died intestate. She was survived by four children and by her sister, appellee-plaintiff Mrs. Mattie London. After Mrs. Kimball's death, her four children came to a mutually agreeable division of the estate and, as to their mother's realty, agreed to remain tenants at common, each with an undivided one-fourth interest. Compare *Young v. Bozeman*, 229 Ga. 195 (1) (190 SE2d 523) (1972). Although no administrator was appointed, a petition pursuant to OCGA § 53-10-1 was never filed. Compare *Clark v. Perrin*, 224 Ga. 307 (161 SE2d 874) (1968).

The children further agreed that appellee should manage, on their behalf, certain tenant-occupied rental property that Mrs. Kimball had owned at the time of her death. Acting in this capacity, appellee applied to appellant-defendant National Security Fire and Cas-

ualty Company for insurance coverage on the property. There is no evidence, however, that appellee ever informed appellant's agent of the specific representative capacity in which she was acting. As listed on the application form submitted by appellee, the applicants for coverage and their mailing address were: "Dorothy L. Jones and Gloria Lovett c/o Mattie London" at appellee's address. Mrs. Jones and Mrs. Lovett are but two of the four children who survived Mrs. Kimball. The application was signed as follows: "Dorothy L. Jones and Gloria Lovett By Mattie London." Appellant issued a policy covering the property. The declarations page of the policy listed the names and the address of the insureds as: "Dorothy L. Jones & Gloria Lovett c/o Mattie London" at appellee's address. The policy itself contained the following provision: "OWNERSHIP. This entire policy shall be void, unless otherwise provided by agreement in writing hereto: (a) if the interest of the insured be other than unconditional and sole ownership. . . ." The policy was apparently mailed "c/o" appellee at her address as listed on the application.

Subsequently, the structure located on the rental property burned. After investigation, appellant declined to pay the claim submitted to it. Appellant took the position that the policy was void because the named insureds were only two of the four owners of the property and, as such, they did not have "unconditional and sole ownership." Appellee then secured her appointment as the temporary administratrix of Mrs. Kimball's estate and, in that capacity, instituted the instant action to recover against appellant on the policy. The case was tried before a jury and a verdict in favor of appellee was returned. Appellant's motion for new trial was denied. It appeals from the denial of that motion and from the judgment of the trial court entered on the jury verdict.

1. The denial of appellant's motion for summary judgment is enumerated as error. That issue is moot and will not be considered. *Preferred Risk Mut. Ins. Co. v. Thomas*, 153 Ga. App. 154 (1) (264 SE2d 662) (1980).

2. Appellant enumerates as error the denial of its motion for new trial on the general grounds. Under the evidence, it is clear that the only two named insureds on the policy, the enforcement of which was sought in the case at bar, did not have "unconditional and sole ownership" of the property. Their combined ownership represented only an undivided one-half interest in the property. It is also clear that policy provisions requiring "unconditional and sole ownership," such as that at issue in the instant case, are enforceable. See generally *Reeves v. Nat. Security Fire &c. Co.*, 158 Ga. App. 788 (282 SE2d 378) (1981).

The trial court concluded that *Reeves*, supra, was distinguishable insofar as the evidence in the instant case demonstrates no inkling of possible fraud. It is true that the facts in *Reeves*, supra, showed an

intentional alienation of the property on the part of the named insured so as to avoid payment of alimony, whereas the facts of the instant case show no such intentional manipulation of the title to the property. However, the existence of a possibly fraudulent conveyance in *Reeves*, supra, is a mere factual peculiarity of that particular case. Insurance is a matter of contract and it is contract law rather than the underlying motives of the contracting parties that is ultimately controlling. See generally *Orient Ins. Co. v. Williamson*, 98 Ga. 464 (25 SE 560) (1896). The named insureds on the policy sued upon in the instant case simply do not have "unconditional and sole ownership" of the property that appellant contracted to insure against fire. Under its clear and unambiguous terms, the policy is therefore void. See generally *Palatine Ins. Co. v. Dickerson*, 116 Ga. 794 (43 SE 52) (1902).

Although appellant had moved for a directed verdict at trial, error is enumerated only as to the denial of its subsequent motion for new trial. Accordingly, based upon the foregoing, the general grounds of appellant's motion for new trial were meritorious and the trial court erred in failing to grant the motion on those grounds. See generally *Southern R. Co. v. Scott*, 215 Ga. 739 (1) (113 SE2d 459) (1960).

3. Remaining enumerations of error are moot.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 3, 1986.

*J. Franklin Edenfield*, for appellant.
*William E. Woodrum, Jr.*, for appellee.