## S89G0494. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. BROWN.
### (390 SE2d 586)

BENHAM, Justice.

This case concerns the application of a "change of interest" clause in a property insurance policy. Appellee inherited the property in question from his parents and renewed the policy appellant had issued covering the property. In order to conceal his ownership of the property from the Farmers' Home Administration, to which he owed a debt, appellee conveyed the property by warranty deed to his brother. That deed was recorded the same day it was executed. Appellee's brother reconveyed the property to appellee by a deed which was dated prior to the fire which occasioned the loss involved in this case, but that deed was not recorded. After the fire, appellant investigated, discovered the conveyance to appellee's brother, and denied coverage on the ground that the conveyance was a change in interest such as would void the policy by its terms. This lawsuit by appellee followed, resulting in a judgment for appellee based on a jury verdict. After the denial of its motion for judgment notwithstanding the verdict, appellant appealed to the Court of Appeals, which affirmed. *Georgia Farm &c. Ins. Co. v. Brown*, 192 Ga. App. 504 (385 SE2d 87) (1989). We granted certiorari to consider whether a conveyance of property in fraud of creditors' rights results in a change of interest in the property within the meaning of a clause in a property insurance policy terminating coverage in the event of such a change; and whether this case is controlled by *Home Ins. Co. v. Johnson*, 181 Ga. 139 (182 SE 41) (1935), in which such a clause was held not to have been activated, or by *Aronoff v. U. S. Fire Ins. Co.*, 178 Ga. 97 (1) (172 SE 59) (1933); *Curtis v. Girard Fire &c. Ins. Co.*, 190 Ga. 854 (11 SE2d 3) (1940); and *Aldridge v. Dixie Fire &c. Co.*, 223 Ga. 130 (1) (153 SE2d 723) (1967), all of which held that such a clause had been activated.

The policy in question provided that it would be "null and void in case of any change in interest, title or possession." Such clauses have been upheld in this state. *Aronoff*; *Curtis*; and *Aldridge*, supra. However, in *Home Ins. Co.*, supra, the clause was denied effect in a case factually very similar to the present case. There, desiring to discourage his wife from divorcing him, Johnson deeded property to his brother and recorded the transaction for the purpose of making it seem that there would be no alimony. The property was immediately reconveyed to Johnson, and the reconveyance was recorded after the fire which caused the loss on which the insurer denied coverage.

This court decided that case on two distinct grounds. One ground

was statutory, involving §§ 56-825 and 56-827 of the Code of 1933. Those provisions have since been repealed (Ga. Laws 1960, p. 389 et seq.) and have no bearing on the validity of change of interest clauses today.

The other ground on which this court decided *Home Ins. Co.*, supra, was policy:

> [I]t is not the policy of the law to avoid a contract of insurance at the instance of the insurer where it plainly appears that the violation of a condition, such as is involved in this case, would in no way affect the loss, and did not contribute thereto in the slightest degree. Id. at 143.

Although this court discussed whether the conveyance from Johnson to his brother and the immediate reconveyance constituted a completed sale of the property, that concern was not the central issue: this court decided the case as though there had been a sale, and applied the policy stated above. Without taking that position, neither the public policy considerations discussed at length nor the statutory provisions relied upon as secondary authority would have had any relevance to the case.

In affirming the judgment of the Court of Appeals, this court expressly approved the opinion of that court (*Home Ins. Co. v. Johnson*, 49 Ga. App. 709 (176 SE 513) (1934)) and found it "well supported by logic and law." One holding in the Court of Appeals' opinion which was specifically noted and approved by this court was

> that the contract of insurance may be only temporarily suspended by the violation of a stipulation in the contract similar to that now before us, and may thereafter be revived, and that if no loss was caused or can be attributed to the violation of one of these conditions, the company is not relieved from liability. 181 Ga. at 143-4.

As was noted by the Court of Appeals in the present case, the evidence would have authorized the jury to find that the property was reconveyed to Brown prior to the fire.

Appellant insists that *Home Ins. Co.*, supra, is distinguishable from the present case and that the issues are controlled by *Aronoff*; *Curtis*; and *Aldridge*, supra. In each of those cases, a change of interest clause was given effect and a policy was found to be terminated. In our view, however, it is not *Home Ins. Co.*, but the other three cases which are distinguishable from the present case. In each of those cases, there was a change in interest which persisted through the time of the loss; in *Home Ins. Co.* and the present case, the insured's interest in the property was the same at the time of the loss as

at the time the policy was issued. Under those circumstances, the rationale of *Home Ins. Co.*, that the policy was "only temporarily suspended . . . and . . . thereafter . . . revived," (181 Ga. at 144) applies. Accordingly, we hold that it is the ruling in *Home Ins. Co. v. Johnson* which is applicable to this case.

Appellant advances two persuasive policy considerations for abandoning the position taken in *Home Ins. Co.*: that the conveyance and the unrecorded reconveyance increased appellant's risk, and that Brown should not go unpunished for his fraud in attempting to conceal assets from the Farmers' Home Administration. Although insurance companies deserve protection from unilateral increases in the risks they bear under policies they issue, the holding in *Home Ins. Co.*, is predicated on there having been no loss incurred by the insurer as a result of the violation of the policy provisions. That is, although the risk may have been increased, the insurer did not suffer therefrom. Had a loss eventuated from or during the existence of the increased risk, however, then the case would come within the holdings of *Aronoff*; *Curtis*; and *Aldridge*, supra, and the policy would have been voided.

The other policy consideration, that Brown not profit from the wrongfulness of his conduct in seeking to conceal assets from a creditor, is properly addressed in another action by another litigant. Appellant was not harmed by appellee's alleged fraud and, perhaps more importantly from a public policy viewpoint, was not a member of the class who might demand protection from such behavior as that of which appellee was accused. While the concealment of assets in an effort to defraud creditors is reprehensible, it does not strip the alleged perpetrator of the fraud of all contractual rights with third parties.

We hold, therefore, that because the property covered by appellant's policy had been reconveyed to the insured prior to the loss, and there was no evidence that the conveyance had in any way contributed to the loss, coverage was not terminated by the change in interest clause of the policy. *Home Ins. Co. v. Johnson*, supra. The Court of Appeals was correct in affirming the trial court's judgment on the basis of that authority.

*Judgment affirmed. All the Justices concur, except Fletcher, J., who concurs in the judgment only; Weltner and Hunt, JJ., who dissent.*

WELTNER, Justice, dissenting.

I dissent.

1. The insurer contends that Brown's conveyance of the property constitutes a change in title that voided his coverage.

(a) Brown's policy of insurance provided in pertinent part:

This policy, unless provided by agreement endorsed hereon, shall be null and void in case of any change in interest, title or possession.

(b) In *Aronoff v. U. S. Fire Ins. Co.*, 178 Ga. 97, 97-98 (1) (172 SE 59) (1933), we sustained, at headnote 1, a similar provision, as follows:

A condition in a policy of fire insurance, that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void in case of any change in the interest, title, or possession of the subject-matter of the insurance, whether by legal process or otherwise, is a reasonable and valid requirement; and when the insured accepts a policy with this condition in it and commits a breach of such condition, he can not recover in case the property is destroyed by fire.

2. (a) Brown relies upon *Home Ins. Co. v. Johnson*, 181 Ga. 139 (182 SE 41) (1935), to avoid the consequences of the transfer. In that case, the insured executed a deed to his brother-in-law, who immediately reconveyed it to the insured. The factual recitation discloses "that there never was a completed sale. . . ." Id. at 142. Further, that case was based in part upon the application of two statutes (former Code Ann. §§ 56-827 and 56-825) that since have been repealed.[1] We invoked, under that factual situation and in our application of the two now-repealed statutes, the public policy of not favoring forfeitures.

(b) In this case, the unrecorded reconveyance occurred no sooner than thirteen days after the conveyance. Thus — contrary to the factual circumstance of *Home Ins. Co.* — the transfer was complete. Additionally, there are now in effect no statutory provisions relating to the issue.

(c) This case should be governed by the plain terms of the contract, as *Aronoff*, and not *Home Ins. Co.*, is controlling. Hence, the motion for judgment n.o.v. should have been granted.

I am authorized to state that Justice Hunt joins in this dissent.

---

[1] The latter part of [Code Ann.] section 56-827 declares that "A sale not fully executed, possession remaining with the assured, shall not void the policy." The execution of Johnson's deed to Crosby, and the immediate reconveyance of this property to Johnson, constituted but one transaction; and therefore the sale was not only not "fully executed," but it was not executed at all, and all the evidence is to the effect that Johnson never for one instant surrendered possession of the property insured. Under the plain provisions of section 56-827 there was no violation of the condition which forbade alienation of the property which the insurer undertook to insure. . . . [Id. at 144.]

DECIDED APRIL 25, 1990 —
RECONSIDERATION DENIED MAY 16, 1990.

*McKenzie & McPhail, Jon B. McPhail, Robert T. Ross, Pat Huddleston II,* for appellant.
*Harrison, Harrison & Llop, Milton Harrison, Rita J. Llop,* for appellee.