A97A1656. CANAL INDEMNITY COMPANY v. E.M.C. MOTORS, INC. et al.
(488 SE2d 126)

Judge Harold R. Banke.

This appeal arose from a determination of insurance coverage relating to allegedly tortious conduct occurring during the repossession of a vehicle. Canal Indemnity Company ("Canal") appeals the partial denial of its motion for summary judgment.

At issue is the scope of the Garage Keepers Liability Insurance policy between Canal and its insured, E.M.C. Motors, Inc. ("EMC Motors"). EMC Motors is primarily in the business of buying, selling, and financing used cars and is not in the repossession business. EMC Motors' president Tyler T. Williams testified that his company never repossesses cars and instead contracts with third parties to do so. Williams testified that before he contracted with Southeast Investigators & Recovery, Inc. d/b/a American Lender Service Corporation ("Southeast") to repossess Fred B. Glance's vehicle, he verified that Southeast had the applicable insurance. EMC Motors then agreed to pay Southeast $225 for the repossession.

After Southeast's wrecker driver, Toby Ingram, had attached

Glance's vehicle to his tow truck, Glance allegedly sustained injuries when he purportedly positioned himself between the tow truck and his car. Seeking to hold EMC Motors and Southeast liable for Ingram's actions, Glance sued both EMC Motors and Southeast alleging, inter alia, breach of peace, wrongful repossession, negligent hiring, and negligent retention.[1]

Canal filed a declaratory judgment action against EMC Motors, Southeast, and Ingram, claiming that the policy at issue afforded no coverage for Glance's claims. It is undisputed that EMC Motors refused to purchase haulaway coverage. A "haulaway" is an "automobil[e] used to tow, pull or transport automobiles, cargo, or freight." The haulaway exclusion in the effective policy at issue precluded coverage for "bodily injury or property damage arising out of the . . . operation, use, loading . . . of any (1) haulaway . . . owned, hired, or held for sale by the named insured [EMC Motors] and not being delivered, demonstrated or tested."

The trial court determined that this haulaway provision was susceptible to more than one interpretation. The court found that the haulaway provision, when coupled with the Notice section on repossession, justified a reasonable insured's interpretation that the policy provided coverage for accidental injuries occurring during repossession. It further determined that Southeast and Ingram were independent contractors and not employees of EMC Motors. Construing this purported ambiguity against the insurer, the court held that Canal had to provide coverage to EMC Motors to the extent of EMC Motor's liability in Glance's lawsuit, but that Canal had no obligation to defend or indemnify Southeast or Ingram or any other party. Only Canal appeals that ruling. *Held*:

1. Canal argues that the trial court erred in its construction of the policy by considering the "Important Notice to Insured" which was attached to the policy. "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." OCGA § 33-24-16. See *West v. Rudd*, 242 Ga. 393, 395 (249 SE2d 76) (1978). By its express terms, however, the Notice was merely explanatory and did not amend the parties' contract. In fact, at the top of the form, the Notice plainly apprised EMC Motors as follows: "This [notice] is intended to help you understand Georgia Garage Insurance. It does not amend your policy."

The first paragraph of the Notice states: "REPOSSESSION —

---

[1] Williams testified that about three or four hours after the car was towed in, Glance arrived at EMC Motors, expressed his dissatisfaction, and paid off the outstanding balance.

Your insurance covers ACCIDENTAL occurrences resulting in Bodily Injury or Property Damage. Your insurance does not cover payment of defense of other claims such as claims for any intentional act or PERSONAL INJURY, Libel, Slander, False Arrest, Assault, Battery, Defamation of Character, Taking of Personal Property unless specifically purchased." About one inch below that paragraph the same Notice specifically provides: *"Haulaway vehicles are not insured unless scheduled on the policy and a premium is paid for them.* 'Haul' means to 'tow, pull, or tug.' *Wreckers and car carriers must be scheduled to be insured."* (Emphasis supplied.) The Notice also states in bold: "The NAMED INSURED must own the auto in order to be insured in most losses."

Inasmuch as the Notice plainly states no coverage is available for haulaway vehicles unless scheduled on a policy and a premium paid, reliance on the paragraph on repossession in isolation from the rest of the Notice and from the policy itself is unavailing as a matter of fact and a matter of contract law. See OCGA § 13-2-2 (4). Because the Notice explicitly stated that it did not in any way amend the terms of the policy, the paragraph on repossession in the Notice did not operate to amend the explicit exclusion for haulaways contained in the policy itself. *West,* 242 Ga. at 395.

2. Canal contends that the trial court erred by finding ambiguity in the policy at issue. Ambiguity is " 'duplicity, indistinctness, an uncertainty of meaning or expression.' " *Tarbutton v. Duggan,* 45 Ga. App. 31, hn. 5 (163 SE 298) (1932). A word or phrase is ambiguous when " ' "it is of uncertain meaning and may be fairly understood in more ways than one." ' " (Citations omitted.) *Kusuma v. Metametrix,* 191 Ga. App. 255, 256 (2) (381 SE2d 322) (1989).

According to the policy schedule, "The insurance afforded is only with respect to such of the coverages and hazards in the declarations and indicated by specific premium charge or charges." EMC Motors, as noted above, had no haulaway coverage "arising out of the . . . operation, use, loading of any (1) haulaway . . . hired . . . by the named insured and not being delivered, demonstrated or tested." Southeast's tow truck was not being delivered, demonstrated or tested.

Further, the policy restricted PERSONS INSURED as follows: "None of the following is an insured: . . . (ii) any person or organization other than the named insured or its directors, stockholders, partners, members, or employees while acting within the scope of their duties as such, with respect to operations performed by independent contractors for the named insured." Also, where Canal provided space for EMC Motors to designate any "independent contractors, subcontractors and their employees," EMC Motors wrote "None."

By its express terms the haulaway exclusion did not apply to the repossession incident at issue. Further, the policy excluded coverage for operations performed by persons and organizations other than EMC Motors. Indisputably, EMC Motors failed to list Southeast as an independent contractor when afforded an opportunity to do so. Nor does EMC Motors point to any contrary language in the policy which would provide coverage. Assuming without deciding that the policy afforded coverage for accidental injuries resulting from repossession when performed by EMC Motors when not using a haulaway, such as using an ignition key to a vehicle, the policy specifically stated that coverage was limited to the named insured, and not to an independent contractor like Southeast. After applying the applicable rules for contract construction, we find no ambiguity in the provision at issue. OCGA § 13-2-2 (1), (2), (4). See *Cherokee Credit Life Ins. Co. v. Baker*, 119 Ga. App. 579, 584-585 (3) (168 SE2d 171) (1969).

Because the words in the policy at issue here are plain and obvious, they must be given their literal meaning. *U. S. Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 79 (1) (355 SE2d 428) (1987). Although ambiguous exclusions may be construed liberally in favor of the insured and strictly construed against the insurer, this cannot be done when the exclusion, as here, is clear and unequivocal. *United Svcs. &c. v. Lail*, 192 Ga. App. 487, 489 (1) (385 SE2d 424) (1989). By its express terms, the haulaway exclusion provided no coverage for the tort claims. Nor did the policy at issue cover any independent contractors. See *Canal Indem. Co. v. Lee's Used Car Sales*, 841 FSupp. 775, 779 (S.D. Miss. 1994) (haulaway exclusion coupled with independent contractor provision entitled insurer to summary judgment as a matter of Mississippi law).

Despite EMC Motors' argument to the contrary, no binding Georgia authority requires that a creditor's insurer provide coverage in contradiction to policy terms where a third party is allegedly injured by an independent contractor during repossession. See *Fulton v. Anchor Sav. Bank, FSB*, 215 Ga. App. 456, 462 (2) (b) (452 SE2d 208) (1994) (physical precedent only). Notwithstanding EMC Motors' self-serving declaration that it desired coverage for repossession, nothing in the policy authorizes coverage for an unlisted independent contractor like Southeast who was using a haulaway. See *Nat. Security Fire &c. Co. v. London*, 180 Ga. App. 198, 200 (2) (348 SE2d 580) (1986) (contract law rather than underlying motives of the contracting parties is ultimately controlling).

Where contract terms, as here, are plain on their face, judicial contract construction is improper. See *Lyle v. Southern Fed. Sav. &c.*, 160 Ga. App. 196, 197 (2) (286 SE2d 438) (1981). For these reasons, Canal was entitled to summary judgment as a matter of law in its action against EMC Motors. We, therefore, reverse that part of the

judgment denying summary judgment as to EMC Motors.

*Judgment reversed in part. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JUNE 26, 1997.

*Schulten, Ward & Turner, Susan K. Murphey, Donald W. Osborne,* for appellant.

*Smith, Howard & Ajax, John A. Howard, Bruce H. Beerman, Jett & Liss, Adam G. Jett, Jr., Lane, O'Brien & Caswell, Stephen J. Caswell,* for appellees.

Toby Ingram, *pro se.*