CURTIS *et al. v.* GIRARD FIRE & MARINE INSURANCE CO.

No. 13329.   SEPTEMBER 26, 1940.   REHEARING DENIED OCTOBER 15, 1940.

*Q. L. Bryant* and *Smith & Smith,* for plaintiffs.

*Smith, Smith & Bloodworth, Estes Doremus,* and *M. F. Adams,* for defendants.

DUCKWORTH, Justice. We think the questions presented can be fully covered and determined by construing and properly applying to the facts of the case the Code, § 56-825, and the special provisions of the policy. The first ruling of the Court of Appeals complained of is the holding that the conformity clause of the policy relates only to provisions which are in violation of or are prohibited by a statute of the State. Policy provisions in violation of or prohibited by statute are automatically rendered null and void by such statute. Code, § 20-111. The prohibitory statute would as a matter of law obliterate them the instant they were inserted in the policy. Thus as to such provisions there is no need for the conformity clause. But the language of the conformity clause here involved does not have that meaning, and, we think, will not bear the construction given it by the Court of Appeals. There is a distinct difference between the language of this clause "which are in conflict with" and the language used by the Court of Appeals, "in violation of or prohibited by." There can be no conflict where the one is nullified by the other during the process of its creation. Since a provision of the statute automatically destroys provisions of a policy that violate it or are prohibited by it, the two can have no legal coexistence. A proper construction of the conformity clause of the policy would make it apply to all other clauses of the policy providing for one thing while the statutes provide for another,—creating a conflict. Accordingly, construing the forfeiting provision of the policy together with section 56-825, and applying the conformity clause of the policy, the clause providing for forfeiture by creation of a lien on the property is stricken from

the policy, and the same is so amended as to conform to the Code section wherein it is provided that creating a lien on the property shall not void the policy. It is argued that under section 56-825 an alienation of the property and a transfer of the policy without the consent of the insurer are both necessary to cause a forfeiture, and that alienation, standing alone, or transfer of the policy, standing alone, will not render the policy void. The language of that section as it appears in the Code of 1933 seems to support this contention; but this language is not new. It appeared in the Code of 1910 as section 2102 with a comma following the word "insured." The only change made in the Code of 1933 is that the comma following the word "insured" is omitted. It must be presumed that the omission of the comma was due to an oversight of the codifiers, and was not intended by the legislature. *McDaniel* v. *Campbell,* 78 *Ga.* 188 (1 S. E. 252); *Bailey* v. *McAlpin,* 122 *Ga.* 616 (6) (50 S. E. 388); *Atlanta Coach Co.* v. *Simmons,* 184 *Ga.* 1 (190 S. E. 610); *Rogers* v. *Carmichael,* 184 *Ga.* 496 (192 S. E. 39).

It is provided by section 56-812 that to sustain any contract of insurance it shall appear that the insured has some interest in the property insured. By this provision of the statute alienation of the property, standing alone, effectively renders the policy unenforceable. Furthermore, if the insured divested himself of all interest and right under the policy by an outright assignment, he could not thereafter claim an interest or maintain an action to recover under the policy in his name. Thus the language in the first sentence of section 56-825, "an alienation of the property insured and a transfer of the policy, without the consent of the insurer, shall void the policy," is construed to mean that either alienation of the property or transfer of the policy, standing alone and in the absence of the other, will void the policy. The execution of the bill of sale was a clear violation of the following provision of the policy: "This entire policy shall be void, unless otherwise provided by agreement in writing added thereto, . . in case of transfer or termination of the interest of the assured other than by death of the assured . . in the property described herein either by sale or otherwise." This language of the forfeiting provision of the policy is not in conflict with any statute of the State, but is in harmony with section 56-825. A bill of sale to secure debt is

something more than a mere lien. It is an alienation. It divests the maker of title in the property; and both the policy and the statute provide that it shall cause a forfeiture of the policy. For this reason the judgment of the Court of Appeals affirming the judgment of the trial court is correct. Other attacks made by the petition for certiorari are without merit. The opinion of the Court of Appeals is incorrect as herein pointed out, but the judgment of that court is *Affirmed. All the Justices concur.*