37552.   DEAL *v.* CHEMICAL CONSTRUCTION
COMPANY, INC.
37553.   ROBINSON *v.* CHEMICAL CONSTRUCTION
COMPANY, INC.

DECIDED APRIL 9, 1959.

*J. Saxton Daniel, Albert E. Butler, Daniel & Butler,* for plaintiffs in error.

*Oliver, Davis & Maner, Joseph M. Oliver,* contra.

QUILLIAN, Judge. 1. Much time and space have been devoted by the courts to the question of whether an individual employee, as a member of a union, has a right, as distinguished from the contracting union of which he is a member, to enforce against his employer and the labor union. The vast contrariety of opinion on this subject among the courts of the various states, and also the repugnant and conflicting decisions from the same courts of certain states, is revealed by an examination of two rather exhaustive annotations on the subject. The first of these, by M. C. Drainsfield, is to be found in 95 A.L.R. 10-56, and the second, by E. H. Schopler, in 18 A. L. R. 2d 352-372. In the latter of these two annotations, the author quite cogently and succinctly obviates the fruitless endeavor of harmonizing the multitude of disparate cases and reduces the problem of answering the question of the individual employee's rights under a collective labor agreement to its essentials: "Contrary to the view expressed in some of the earlier cases, it seems well settled today, not only by the practice, but also by the holdings of the courts that an individual employee may maintain court action against his employer to enforce a collective labor agreement made between the latter and a union. The confusion which has been said to exist as to this question is primarily due to two

factors: (1) the unwillingness of the courts in earlier times to recognize collective labor agreements as valid and enforceable contracts, expressed in a number of theories which enabled the courts to avoid such recognition, such as that such an agreement is lacking in mutuality, or is not valid as between employer and employee, unless incorporated in the individual employment contract, or unless made by the union as the expressly designated agent of the employee; and (2) the failure of the courts to distinguish between the question as to whether a provision in a collective labor agreement upon which suit is brought by an individual employee confers upon him the substantive right claimed by him, were such provision incorporated in his individual employment contract, and the question as to whether, assuming that the agreement purports to confer such right upon him, he has a right or standing [under the laws of a given state] to enforce it." (Bracketed phrase added.)

Counsel for the defendant, in his brief in this court, insists that the two plaintiffs in the present cases have no right or standing to enforce the Southeastern States Articles of Agreement between the signatory employer and the labor union, and seeks refuge behind the provisions of the Code of 1933, § 3-108: "As a general rule, the action on a contract whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent."

Counsel for the two plaintiffs, however, seeks to establish the standing and right of the two plaintiffs as third parties beneficiary, to enforce the contract under the well known exceptions to those provisions of the Code sections. See generally, *Crawford v. Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L.R.A. (NS) 773), and *Sheppard v. Bridges*, 137 *Ga.* 615 (74 S. E. 245), wherein the factum of exceptions to the Code section is recognized and many of such exceptions are enumerated.

Any dissertation on the relative merits of those two positions taken by opposing counsel would be purely academic, and is obviated by the amendment of that Code section by the General Assembly in 1949 (Ga. L. 1949, p. 455), which provides: "The

beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract."

Assuming, arguendo at this point, that the two plaintiff employees are third party beneficiaries within the contemplation of Code (Ann.) § 3-108, and, therefore, entitled to enforce the collective labor agreement between the employer and the union of which the plaintiffs are members, still the question remains whether the agreement confers upon the plaintiffs the substantive rights which they claim; namely, to be paid their full wages during the interval from January 17, 1958, when they became totally disabled as the result of injuries which arose out of and in the scope of their employment, to June 19, 1958, the terminal date for the construction project on which they had been employed, during which interval they performed no duties for the employer.

"The rights of a third person to sue on a contract made for his benefit depend on the terms of the agreement and are no greater than those granted by the contract as intended by the parties thereto. To recover the beneficiary must bring himself within its terms and construction of the contract is involved. Since recovery on a third person beneficiary contract is a recovery on the contract itself, the right of the beneficiary is no greater than if the contract were enforced between the nominal parties, the beneficiary being in no better position than the promisee." 17 C. J. S. 1137, § 519, notes 64-71.

The contract contains various provisions regarding the employment of members of the union, work classification, hours of work, overtime and holidays, work shifts, minimum pay and reporting time, transportation and travel allowance, pay day, union's access to the job, ratio of foremen to employees, use of regular employees of the employer, materials used, work classification and jurisdiction, grievance machinery, wage scales, health and welfare plan, safety measures, and other similar provisions. The provision of the contract upon which the plaintiffs rely as authorizing their recovery of wages for the period during which they were totally disabled and rendered no services to the employer is Article 22 in which provision is made for medical treatment and examination during working hours: "Em-

ployees required to take time off from their employment during working hours to secure treatment because of injuries or sickness arising out of and in the course of their employment, shall receive pay for such time plus necessary travel expenses incurred in so doing."

There being no such question of fact, as contemplated by the terms of Code § 20-701, for reference to a jury, the construction of the contract was for the court, as resort to aliunde evidence is not necessary to ascertain the intention of the parties. *Ludden & Bates Southern Music House* v. *Dairy & Farm Supply Co.,* 17 *Ga. App.* 581 (1) (87 S. E. 823).

The contract contained no agreement to employ particular members of the union, no agreement to retain those members furnished by the union for any specified length of time, and no agreement capable of being construed as guaranteeing any of the employees furnished by the union any specified number of hours of employment per day, week, or month. The contract contains no agreement to continue the payment of wages to employees furnished by the union during periods of time when such employees are not gainfully employed except in those instances provided where an employee is called to work at a time other than his regular shift, when he is to be paid double time, or, where, when an employee has been called to work, and on reporting to work is not given work, under which circumstances the employee is entitled to four hours' pay.

Viewed in the light of the contract as a whole, the provision quoted above, upon which the plaintiffs rely for a recovery of lost wages, is not capable of being construed to provide for the payment of wages to employees over extended periods of time when they were performing no work whatsoever, nor capable of performing any work.

Properly construed, that provision of the contract upon which the plaintiffs rely for recovery makes provision only for temporary absences from work to obtain treatment for injuries and is not in the nature of an insurance provision against inability to work or earn wages.

The trial court, consequently, properly sustained the general demurrers to the two petitions.

*Judgments affirmed. Felton, C. J., and Nichols, J., concur.*