23901. ALDRIDGE et al. v. DIXIE FIRE & CASUALTY COMPANY.

Argued February 13, 1967—Decided February 23, 1967.

*Frank G. Wilson,* for appellants.

*Martin, Snow, Grant & Napier, Travis T. Lynch,* for appellee.

MOBLEY, Justice. This is an appeal from an order directing a verdict in favor of the Dixie Fire & Casualty Company, an insurer, in an action brought by appellants, Vera P. Aldridge and Shirley P. Aldridge, to enjoin a foreclosure sale under a power of sale in a security deed, and to have the security deed canceled. Petitioners alleged that they had obtained a fire insurance policy from the appellee covering a house located at 426 Cutters Lane, Macon, Georgia, that said house was completely destroyed by fire on October 19, 1960, that the policy was in full force and effect at that time, that the appellee refused to pay them under the policy but paid the holder of a security deed containing a power of sale and took a transfer of the deed and is now attempting to foreclose under the deed.

Appellee, Dixie Fire & Casualty Company, filed a cross action against appellants on the note and security deed executed by them in favor of Jesse B. Hart, Jr., as executor of the estate of Jesse B. Hart, the lender, seeking to recover $1,400, the amount of the principal due on the note, plus interest and attorneys fees.

On the trial of the case, after hearing evidence from both parties, the trial judge granted appellee's motion for directed verdict and awarded it damages for the amount due on the note, plus interest, and entered judgment thereon.

■ On appeal from an order directing a verdict, the question before this court is whether the evidence was without conflict as it pertains to the material issues in the case and, thus, when viewed in a light most favorable to the losing party, demanded the verdict ordered. *Code Ann.* § 110-104 (Ga. L. 1961, p. 216); *Mason v. Carter,* 223 Ga. 2; *Security Life & Trust Co. v. Smith,* 220 Ga. 744, 747 (2) (141 SE2d 405); *Kesler v. Kesler,* 219 Ga. 592 (1) (134 SE2d 811); *Smallpiece v. Johnson,* 210 Ga. 310 (1) (80 SE2d 296); *City of Abbeville v. Jay,* 205 Ga. 743 (55 SE2d 129). It was shown without dispute that appellee had insured the house at 426 Cutters Lane against loss by fire from 1957 until December 17, 1960, under the initial policy and periodic

renewals, and that the house burned down on October 19, 1960, within the period covered by the policy. However, by a deed dated July 27, 1959, Vera P. Aldridge conveyed an absolute fee simple title in the 426 Cutters Lane property to her sister-in-law, Shirley P. Aldridge. When the loss occurred, appellee paid the lender's estate pursuant to a loss payable clause in the policy in favor of the mortgagee, and under the view that the policy was void as to the owner.

The loss occurred when *Code* § 56-825 of the 1933 Georgia Code was in effect. It provides: "An alienation of the property insured and a transfer of the policy, without the consent of the insurer, shall void the policy." In *Curtis v. Girard Fire &c. Ins. Co.*, 190 Ga. 854, 856 (11 SE2d 3) this statute was construed to mean that "either alienation of the property or transfer of the policy, standing alone and in the absence of the other, will void the policy." It was also held there that a bill of sale to secure debt was an alienation of the property within the meaning of the statute and caused a forfeiture of the policy. Unquestionably, the conveyance by the insured, Vera P. Aldridge, of her fee simple title in the 426 Cutters Lane property by deed to Shirley P. Aldridge was an alienation of the insured property making the policy void as to the insured.

Appellants contend, however, that appellee had notice of the transfer of the insured property through one of its agents prior to the fire and, since it continued the policy, it was valid and in effect at the time of the loss by fire. When questioned on cross examination whether the insurer had been notified of her sale of the property to her sister-in-law, Vera P. Aldridge testified that she did not make a long-distance call and notify them, nor did she write them, but that she was sure they knew it and that "I am sure Mr. Phil Shealy knew it and he was their representative in Macon." She also testified that her mortgagee, Mr. Hart, knew of the transfer stating: "Mr. Hart knew about it. Mr. Hart had the policy and I assumed that Mr. Hart notified them."

Clearly, the foregoing testimony amounted to no more than a conclusion that appellee, and its agent, Shealy, had been notified of the transfer of the insured property. Testimony

which is merely a conclusion of a witness is without probative value. *Patterson v. Cotton States Mut. Ins. Co.*, 221 Ga. 878 (148 SE2d 320). The court properly sustained an objection to its admissibility on this ground. Such evidence, even if admitted, is not sufficient, in itself, to raise a factual question for a jury as to the question of notification here. There being no other evidence of notice to the appellee, the court properly directed a verdict in favor of the appellee as the evidence demanded the finding that the insured, Vera P. Aldridge, had alienated the property, within the meaning of *Code* § 56-825, rendering the policy void as to her, and that the insurer, although it continued the policy, was never given notice of the transfer.

■ The verdict awarding the insurer damages in the amount due on the note plus interest was correct under the rule in *American Ins. Co. v. Hattaway*, 194 Ga. 15 (3) (20 SE2d 406) which states: "Where a policy of fire insurance is rendered void as to the named insured, but the insurer by reason of the mortgage clause in the policy pays to the holder of a security deed from the insured the full amount of the secured indebtedness and takes a transfer of the debt and the security, in accordance with the terms of the mortgage clause, the insurer is subrogated to the rights of the grantee in the security deed to the extent of the debt paid." See also *Peoples Bank of Mansfield v. Ins. Co. of North America*, 146 Ga. 514 (1) (91 SE 684, LRA 1917D 868).

*Judgment affirmed. All the Justices concur.*