50536. LANGLEY v. PACIFIC INDEMNITY COMPANY et al.

CLARK, Judge.

Langley sued Pacific Indemnity Company and its agents, Martin Van Horn and Van Horn and Company, claiming defendants should pay a judgment rendered against him in the United States District Court. The federal litigation had been instituted against Langley by certain parties for damages sustained by them when they were passengers in an automobile which had collided with a 1966 GMC truck operated by Langley's employee in Langley's business known as "Sunnyside Eggs." Langley claimed he was entitled to coverage for that accident under a public liability policy which had been issued to Hunter Furches from whom Langley had purchased specified assets of a business known as Eggs, Inc. This transaction included the 1966 GMC truck. These assets

had been sold on an instalment basis whereby the buyer (Langley) received the assets for use in his "Sunnyside Eggs" operations. After the sale seller had no control over the use of those assets nor did he have any connection with "Sunnyside Eggs." Seller's sole interest was through retention of title to the assets under a duly recorded security interest. Summary judgments were rendered for both defendants and this appeal followed.

1. The motion to dismiss this appeal is denied.

2. The trial court was correct in rendering judgment for both defendants as there was no issue of material fact and they were clearly entitled to judgments as a matter of law. Code Ann. § 81A-156.

3. "There is no need for the purposes of this case to plot it on the legal map" quipped Justice Cardozo in W. B. Worthen Co. v. Kavanaugh, 295 U. S. 56, 60. That apothegm is applicable here because the evidence clearly established sale of the GMC truck with passage of title to Langley. After the sale the vehicle was used exclusively in Langley's business with him having exclusive control over the vehicle and its driver at the time of the collision. Aside from this being shown by the superior court record, it must be noted that this was also established by the judgment rendered for Furches in the Federal District Court ruling dated December 29, 1970 (R. 23). Therefore, there could not be any liability under the policy to the party named therein.

4. Nor could coverage be imposed upon the Pacific Indemnity Company by means of appellant's theory that the defendants knew of his purchase of the assets and of his operation of the business "as the insured property of Hunter Furches under the policies of insurance with defendant Pacific Indemnity Company covering such equipment, machinery and vehicles, and particularly the 1966 GMC truck with public liability." (R. 5). Although this point was not passed upon in the federal court, the judge there observed that this would in effect "lend the benefit of the Furches insurance" to the purchaser which he described as a "bizarre arrangement." (R. 22).

In general, it must be recognized that insurance policies are of the nature of personal contracts. The insurer is selective of those risks which revolve around

the character, integrity, and personal characteristics of those whom they will insure. This is especially true in public liability policies insuring motor vehicles and business operations. The insurance contract spells out the terms and conditions of coverage. Usually, as existed here, there is a provision against assignment or transfer without the consent of both contracting parties. These provisions are valid. *Great American Ins. Co. v. Lipe,* 116 Ga. App. 169 (3) (156 SE2d 490). " '[O]ne other than the person to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing.' [Cits.]" *Walker v. General Ins. Co.,* 214 Ga. 758, 761 (107 SE2d 836).

The insured may not unilaterally substitute another party to become insured excepting under the provisions of the contract, even if he wished to do so. The insured alone may sue on a policy of insurance. *Traders Ins. Co. v. Mann,* 118 Ga. 381 (1) (45 SE 426); *Murray v. Life Ins. Co. of Ga.,* 107 Ga. App. 545 (130 SE2d 767). Either transfer of title to property or transfer of the policy of insurance without the consent of the insurer voids the policy. *Curtis v. Girard Fire &c. Co.,* 190 Ga. 854 (11 SE2d 3); *Aldridge v. Dixie Fire &c. Co.,* 223 Ga. 130 (153 SE2d 723).

5. Nor is there any merit in the appellant's contention that his physical possession of the policy permitted him to operate the truck with coverage thereunder. Whether the contract was canceled or continued was to be determined between the Pacific Indemnity Company and its named assured. The evidence included an affidavit from the attorney who represented the buyer stating there "was no agreement to transfer any policy of insurance which has been in force on any of the vehicles. . ." (R. 263). This was supportive of the terms of the purchase agreement. The affidavits of the seller and the insurer's representatives established that there had been a cancellation effective as of the date of sale of the assets. This cancellation along with issuance of other policies to Furches occurred prior to the date of the accident. Langley can not claim coverage of a policy in which he had not been named as an insured and for which no premiums had been paid by him and which had been canceled by agreement between the company and its

insured.

6. Where the agent is acting solely as representative of the insurance company, he cannot be held liable in tort for failure to procure a modification of a policy where there is no agency relationship between the agent and that party. *Sutker v. Pa. Ins. Co.,* 115 Ga. App. 648 (155 SE2d 694).

7. Appellant's arguments assert applicability of those principles concerning summary judgments usually used to bolster affirmance of a denial of a summary judgment motion. In addition to the burden upon movant to show no genuine issue of material fact, the opposing party is to be given the benefit of all favorable inferences. Appellant also quotes from *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (210 SE2d 845) that the "undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recover and *under every theory fairly drawn from the pleadings and evidence* [cits.]; and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff. [Cits.]"

These principles place an onerous burden upon a defendant. Nevertheless, it must also be recognized that after consideration of these requirements the defendant is entitled to a summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Code Ann. § 81A-156 (c).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED APRIL 8, 1975 — DECIDED JUNE 5, 1975.

*S. M. Landress,* for appellant.
*Smith, Harman, Asbill, Roach & Nellis, C. Dale Harman, Powell, Goldstein, Fraser & Murphy, Edward E. Dorsey, Stuart E. Eizenstat, Jesse W. Hill,* for appellees.