## 55635. REPUBLIC INSURANCE COMPANY v. CHAPMAN et al.

BIRDSONG, Judge.

David E. Chapman, Sr. and Betty F. Chapman (appellees) brought suit against Republic Insurance Co. (Republic) to recover under the provisions of an insurance policy issued by Republic. From the grant of summary judgment in favor of appellees, as to liability only, Republic appeals. *Held:*

1. The uncontradicted facts show that Davis E. Chapman, Sr. (Chapman) obtained from Republic, on October 30, 1975, a policy of insurance covering his residence at 1060 Prospect Drive, Mableton, Georgia (residence). Thereafter, a marital rift developed between Mr. and Mrs. Chapman and, on June 18, 1976, they entered into a property settlement agreement which purported to convey to Ms. Chapman the insured residence. A warranty deed conveying Mr. Chapman's interest to Ms. Chapman was executed and conveyed to her on the morning of July 9, 1976; the deed was filed in the office of the clerk of Superior Court of Cobb County at approximately 12:30 p.m. that day; and at some time after 12 that afternoon, the residence was destroyed by fire. A final judgment and decree of divorce, incorporating by reference the property settlement agreement of June 18, 1976, was entered August 6, 1976, in Cobb Superior Court.

2. It is not disputed that Mr. Chapman deeded the property located at 1060 Prospect Road, Mableton, Georgia, to Ms. Chapman prior to its destruction by fire. This court has held that "[e]ither transfer of title to

property or transfer of the policy of insurance without the consent of the insurer voids the policy. *Curtis v. Girard Fire &c. Co.; 190 Ga. 854 (11 SE2d 3); Aldridge v. Dixie Fire &c. Co., 223 Ga. 130 (153 SE2d 723)." Langley v. Pacific Indem. Co., 135 Ga. App. 29, 31 (217 SE2d 369).* Although the *Curtis* and *Aldridge* cases, cited by the *Langley* court, were controlled by former Code Ann. § 56-825, of the 1933 Georgia Code, the *Langley* case was not. However, in following the result reached in the *Curtis* and *Aldridge* cases, the *Langley* court reasoned that "insurance policies are of the nature of personal contracts. The insurer is selective of those risks which revolved around the character, integrity, and personal characteristics of those whom they will insure." Id., p. 30. This reasoning is also reflected in Code Ann. § 56-2409.

Appellees cite *Southern States Fire &c. Co. v. Napier,* 22 Ga. App. 361 (96 SE 15) for the proposition that an alienation of property to one who is, by the terms of an insurance policy covering such property, himself insured will not void such policy. However, an examination of the *Napier* case reveals that the party to whom the property was conveyed (a mortgagee) was "expressly covered by separate and distinct agreement," viz: "the 'New York standard mortgagee clause,' " which "operates as a separate and distinct contract of insurance upon the mortgagee's interest, and gives to the mortgagee such an *independent status* as might authorize a recovery by him on the policy even though the circumstances were such as would prevent a recovery by the mortgagor. [Cits.]" (Emphasis supplied.) Id., p. 362. Under no circumstances did Ms. Chapman enjoy such an independent status as contemplated by the *Napier* court, regardless of definitional language in the policy at issue describing her, ostensibly for purposes of *personal* property insurance, as an "insured." Rather, Mr. Chapman alone was designated the "Named Insured," in whose name the policy was issued, and he alone was entitled to maintain an action on this policy. See *Walker v. Gen. Ins. Co., 214 Ga. 758, 761 (107 SE2d 836). Phinizy v. Guernsey, 111 Ga. 346 (36 SE 796).*

3. While the result may appear harsh, this court is "duty bound to be just before [it is] generous, and 'Courts

have no more right by strained construction to make the policy more beneficial by extending the coverage contracted for than they would have to increase the amount of the insurance. [Cit.]' [Cit.]" *Pa. Millers Mut. Ins. Co. v. Heule,* 140 Ga. App. 851, 854 (232 SE2d 267). Furthermore, the record clearly reflects Ms. Chapman's knowledge, prior to her acceptance of the conveyance, that the insurance policy covering the house would require modification to reflect changed conditions, viz: the alienation of title. Accordingly, for the reasons stated in Division 1, the trial court erred in granting appellee's motion for summary judgment and in denying appellant's motion for summary judgment. Therefore, the judgment of the trial court is reversed, with direction that summary judgment be entered for appellant with regard to the issue of liability.

*Judgment reversed with direction. Bell, C. J., and Shulman, J., concur.*

ARGUED APRIL 10, 1978 — DECIDED JUNE 22, 1978 — REHEARING DENIED JULY 14, 1978 —

*Sam F. Lowe, Jr., Edwards, Grayson & Cauthorn, Scott S. Edwards, Jr.,* for appellant.
*G. Michael Hartley, Walter P. Rowe,* for appellees.