39193, 39223. GOVERNMENT EMPLOYEES INSURANCE
COMPANY v. MOONEY et al. (two cases).
39194, 39224. MOONEY v. GOVERNMENT EMPLOYEES
INSURANCE COMPANY et al. (two cases).
39222. GEORGE et al. v. GOVERNMENT EMPLOYEES
INSURANCE COMPANY et al.

CLARKE, Justice.

These cases involve an interpretation of an automobile insurance policy issued by Government Employees Insurance Company (GEICO) to William Mooney. The main issue is controlled by the requirements of OCGA § 33-34-5 prior to its amendment in Ga. L. 1982, p. 1234 (Code Ann. § 56-3404b).

Mooney telephoned GEICO on February 18, 1981, to secure automobile insurance on three vehicles. A binder was issued and GEICO mailed a cover letter and three forms for Mooney to fill out, sign and return with payment to secure a policy. GEICO issued policies on the vehicles on March 6, 1981, effective February 19, 1981.

In July of 1981, Mooney was injured in an accident in his automobile; Jimmy George and Sanford George, who were passengers in Mooney's vehicle, were also injured. Mooney and the Georges began filing claims with GEICO under the "no-fault," PIP provisions of the GEICO policy issued on the vehicle.

Mooney contends that after the accident he first learned that his policy only provided the minimum personal injury protection (PIP) of $5,000. See OCGA § 33-34-4 (Code Ann § 56-3403b). On August 31, 1981, Mooney tendered an additional premium to GEICO to obtain optional PIP benefits. See OCGA § 33-34-5 (Code Ann. § 56-3404b). GEICO refused to provide the additional coverage for the July accident and on October 30, 1981, filed an action for declaratory judgment on its rights and liabilities under the policy, naming Mooney, Jimmy George and Sanford George as defendants. Mooney and each of the Georges answered and filed counterclaims for optional PIP benefits as well as for statutory penalties alleging bad faith on GEICO's refusal to pay.

The issues raised in these appeals are whether Mooney is entitled under his insurance policy to optional PIP coverage, whether the Georges, as passengers in Mooney's automobile, are entitled to coverage, and whether GEICO is subject to statutory penalties and attorney fee penalties under the facts of this case.

1. GEICO mailed Mooney three forms to complete for the issuance of a policy, an application form, a rating statement and an information and option form.

The application, or order form, which was signed by Mooney has

a notation for PIP which is designated as "5M" with no reference to other options. The only reference to optional coverage is on the Georgia Information and Option Form. The front page of this form has blocks to accept or reject additional PIP in aggregate amounts of $50,000, $25,000 and $10,000. This section of the form was not completed by Mooney. The rest of page one and all of page two provides detailed spaces for the insured to accept or reject loss of use, comprehensive and collision coverage with varying deductibles for each of his three vehicles. There is a signature line at the bottom of page two. Mooney completed the sections for comprehensive, collision and loss of use and signed the form at the space provided at the bottom of the second page.

The trial court held that GEICO had failed to demonstrate that it had obtained the written consent of Mooney to reduce or reject optional coverages for PIP, as required by OCGA § 33-34-5 (a) and (b) (Code Ann. § 56-3404b). We affirm.

OCGA § 33-34-5 (b) (Code Ann. § 56-3404b) states that "no such policy shall be issued in this state unless those spaces are *completed and signed* by the prospective insured." (Emphasis supplied.) GEICO contends that because Mooney did not accept the optional PIP coverage he must be deemed to have rejected the coverage on this vehicle. However, it is GEICO who is in violation of the statute. "We will not as a remedy read in the missing signed consent of the insured as it is the insurer who has violated its legal duty." *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709, 714 (300 SE2d 673) (1983).

Mooney contends, as did the insured in *Flewellen,* that he did not knowlingly reject optional PIP benefits. OCGA § 33-34-5 (Code Ann. § 56-3404b) requires the insurer to offer PIP coverage of not less than $50,000 and that this coverage can be reduced only with the written consent of the policyholder. The only form on which an offer of additional coverage was made is the document entitled Georgia Information and Option Form. The section with boxes for rejection or reduction of additional PIP is not marked in any manner. The absence of a written rejection will be interpreted as an acceptance of the additional coverage. *Flewellen,* supra. This absence of written rejection or reduction of additional benefits as required by the statute is dispositive of the issue of coverage regardless of the presence or absence of signatures or the propriety of the form itself.

Mooney has made a tender of the additional premium and submitted proof of loss statements to GEICO as required by *Flewellen.* We hold the trial court was correct in granting partial summary judgment to Mooney on the issue of his entitlement to PIP coverage in the amount of $50,000. The amount he may recover under this claim will be determined by the compensable injuries he is able to

show.

2. We now turn to the issues raised in the appeals by Jimmy George and Sanford George, who were passengers of Mooney and injured in the accident. GEICO has paid certain of the Georges' claims under the basic PIP provisions of Mooney's policy. At the time the trial court entered its order in this case, the claims of Sanford George had exceeded the basic PIP of $5,000, which GEICO has paid; the claims of Jimmy George and the payments by GEICO had not exceeded the basic PIP at that time.

As pointed out in Division 1, the trial court granted partial summary judgment to Mooney, holding that he was entitled to an additional $45,000 coverage under his policy. The trial court denied the motions for partial summary judgment by Sanford George and Jimmy George on this same issue, holding that they did not have standing to support their motions.

In *Flewellen,* we held that where the insurer's application does not comply with OCGA § 33-34-5 (Code Ann. § 56-3404b), the policy will be interpreted as providing the minimum optional coverage of $50,000. We also stated that "The only requirement for activation of all the terms of the policy is the payment of any additional premium due and filing of proof of loss." *Flewellen,* 250 Ga., at 715, supra. Mooney has complied with this requirement by tendering his premium and making demand; proofs of loss have been filed by all of the injured parties, including the Georges.

" 'Insured' means, in addition to the insured named in the policy . . . any other person using or occupying the insured vehicle with the express or implied permission of the name insured or his spouse." OCGA § 33-34-2 (5) (Code Ann. § 56-3402b). The Georges, as passengers in the insured vehicle, are "insureds" under the policy. They are therefore entitled to have their PIP claims paid by GEICO under the policy. GEICO has in fact already been paying them under Mooney's policy but contended the policy was only for basic PIP benefits of $5,000 per person. Since we have interpreted the policy to provide for $50,000 PIP benefits, the Georges are entitled to the optional benefits if their proof of loss claims are in excess of basic PIP.

OCGA § 33-34-6 (b) (Code Ann. § 56-3406b) provides in part: "In the event the insurer fails to pay each benefit when due, the person entitled to benefits may bring an action to recover them . . ." Under the policy, an "insured" is "a person entitled to benefits." See *Atlanta Cas. Co. v. Jones,* 247 Ga. 238 (275 SE2d 328) (1981). The Georges are authorized to file suit against the insurer GEICO by OCGA § 33-34-6 (b) (Code Ann. § 56-3406b). We hold that in an action such as this, where the insured has made his demand and tendered the premium, other insured persons under the policy have

standing to make claims by submitting proof of loss. If the insurer refuses or fails to pay, they have standing to file an action against the insurer.

The trial court denied the partial motions for summary judgment of Sanford and Jimmy George on the basis of no standing. We hold this was error. On the issue of coverage under the policy in this declaratory action, the Georges will be entitled to the optional coverage if they can show proof of loss in excess of the basic PIP.

GEICO has already paid to Sanford George the total basic PIP of $5,000. He is now entitled under the Mooney policy to additional coverage once he submits proof of his losses.

The trial court granted GEICO's motion to dismiss Jimmy George's counterclaim on the ground that he had been paid for the claims he submitted and his counterclaim shows that his claims have not exceeded $5,000. We also reverse this judgment. His counterclaim alleges that he expects to incur additional medical expenses. We find this is sufficient to state a claim in an action by GEICO for a declaration of its liabilities under the policy. If Jimmy George has since incurred or does incur expenses caused by the accident in Mooney's vehicle and submits proper proof of loss, he will be entitled to the additional benefits.

3. Mooney and the Georges have filed cross-appeals from the court's ruling that this is not an appropriate case for attorney fees and statutory penalties as authorized by OCGA § 33-34-6 (b) (Code Ann. § 56-3406b). They contend there are issues of bad faith because the policy was issued and the accident occurred after the Court of Appeals' decision in *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980). In view of the fact that other insurers in defending claims brought under OCGA § 33-34-5 (Code Ann. § 56-3404b) were able to secure a reversal of *Jones* in *Atlanta Cas. Co. v. Flewellen,* 164 Ga. App. 885 (300 SE2d 166) (1982), reversed by this court in *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709, supra, we cannot say that the insurer under these circumstances defended in bad faith.

*Judgment affirmed in Cases No. 39193, 39194, 39223 and 39224. Judgment reversed in Case No. 39222. Hill, C. J., Smith, Gregory and Bell, JJ., and Judge Joel J. Fryer, concur. Marshall, P. J., dissents. Weltner, J., disqualified.*

DECIDED MARCH 16, 1983 —
REHEARINGS DENIED in case nos. 39193, 39194, 39223 MARCH 30, 1983.

*Harris, Watkins, Davis & Chambless, Joseph H. Chambless, John Burke Harris III, E. Angela Emerson,* for Government

Employees Insurance Company et al.

*E. Angela Emerson, Daniel Lee Dean, Fred J. Stokes, David W. Waddell,* for Mooney et al.

*Daniel Lee Dean, Fred J. Stokes,* for George et al.

*Barwick, Bentley, Karesh & Seacrest, Gary L. Seacrest, Thomas S. Bentley, Edwin A. Tate III, Karl M. Terrell, O'Neal, Brown & Sizemore, Lamar W. Sizemore, Jr.,* amici curiae.