## 66612. BAILEY v. GEORGIA MUTUAL INSURANCE COMPANY.

CARLEY, Judge.

Appellant, while a pedestrian, was injured when he was struck by a car driven by appellee's policyholder, Gary Patton. Mr. Patton's insurance policy provided only basic personal injury protection ($5,000, the legal minimum), and appellee paid appellant $2,500 in accordance with the policy limits. Appellant's damages allegedly exceeded that amount.

On the theory that Mr. Patton's application for insurance did not comport with the provisions of OCGA § 33-34-5 (b) (Code Ann. § 56-3404b) (prior to its amendment by Ga. Laws 1982, p. 1234), appellant sought to elect optional "PIP" coverage to increase Mr. Patton's policy limits to $50,000, pursuant to the holdings of *GEICO v. Mooney,* 250 Ga. 760 (300 SE2d 799) (1983); *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983), and *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980). Appellant notified appellee of his election of increased optional benefits, tendered an additional premium, and submitted his proofs of loss. However, appellee refused to provide the increased coverage. Appellant then sued appellee to recover sums allegedly due under Mr. Patton's policy of insurance.

Appellee filed a motion for summary judgment, which was granted. The trial court's order stated that appellant was "neither an

applicant for nor a party to the insurance contract in question. Being neither a party to nor in privity with a party to the application for or contract of insurance, [appellant] cannot alter what the parties have agreed (and agree) upon as its terms." Appellant appeals from the grant of summary judgment in favor of appellee.

At the outset, we note that Mr. Patton's application for insurance, on which appellant's claim is based, was legally insufficient and would not insulate appellee from liability for increased benefits in connection with a proper claim and payment of additional premium by Mr. Patton. *Flewellen v. Atlanta Cas. Co.,* supra. Mr. Patton obtained his policy of automobile insurance through an agent, whom he instructed to procure the minimum legally required coverage. Mr. Patton did not actually complete or sign the application form himself. Rather, his authorized agent completed and signed the application for him. It is clear from the record that the insurer failed to comply with the provisions of former OCGA § 33-34-5 (b) (Code Ann. § 56-3404b). However, Mr. Patton stated that his agent had informed him of the availability of optional no-fault coverage, and that he had rejected it. The policy's PIP coverage of $5,000, the minimum legally required amount, was in keeping with Mr. Patton's desires at the time the policy was issued and at all times thereafter. Accordingly, the issue for our consideration is whether a third party who is incidentally entitled to benefits under a contract of insurance may elect optional PIP coverage under *Jones, Flewellen,* and *Mooney* without the assent of the policyholder.

There is no dispute that appellant is an "insured" who is entitled to PIP benefits under the terms of Mr. Patton's automobile insurance policy. Under OCGA § 33-34-2 (5) (Code Ann. § 56-3402b), " '[i]nsured' means, in addition to the insured named in the policy, . . . any pedestrian struck by the insured vehicle . . ." Appellant's contention is that his "insured" status affords him the same right to demand increased PIP coverage that Mr. Patton, the policyholder, could have exercised.

Appellant's contention is premised upon the use of the term "insured" in the relevant statutory and case law. Former OCGA § 33-34-5 (b) (Code Ann. § 56-3404b) required that the "insured" be given an opportunity to accept or reject optional PIP coverage, and cases construing that statute have granted relief to the "insured." For example, the Supreme Court has stated: "In the absence of such a rejection [as is required by statute], the policy, therefore, provides $50,000 PIP coverage from its inception. The *insured* has the right to demand and receive the benefit of $50,000 coverage upon tender by the *insured* of such additional premium as may be due and filing of

proof of loss by the injured party." (Emphasis supplied.) *Flewellen v. Atlanta Cas. Co.,* supra at 712.

Appellant asserts that, since the term "insured" must have been used advisedly and with awareness of its broad statutory definition, such language must be interpreted to permit anyone who is an "insured" under OCGA § 33-34-2 (5) (Code Ann. § 56-3402b) to demand higher coverage, regardless of whether the named insured does so.

OCGA § 33-34-5 (b) (Code Ann. § 56-3404b) is a statute regulating applications for insurance, and, as such, it pertains to "insureds" who actually apply for and purchase insurance, rather than to those who may benefit incidentally from the insurance contract at some future time. "[T]he intent of OCGA § 33-34-5 (Code Ann. § 56-3404b) is to ensure 'that insurers offer optional coverages to *applicants* for no-fault insurance and that an *applicant's* waiver of his privilege to obtain optional coverages be made knowingly and in writing.' *Jones,* at p. 232. The purpose of the statute is to resolve conflicts which arise when an insured contends that he was not informed of his statutory right to optional benefits." (Emphasis supplied.) *Flewellen v. Atlanta Cas. Co.,* supra at 714. In *Jones,* "[w]e construe[d] [OCGA § 33-34-5 (b) (Code Ann. § 56-3404b)] as imposing an evidentiary burden upon no-fault insurers to demonstrate that optional coverages were expressly offered to, and knowingly accepted or rejected in writing by, each of their *applicants* for no fault insurance." *Jones v. State Farm Mut. Auto. Ins. Co.,* supra at 233. In *Flewellen,* the statute was construed to place a burden on the insurer and on the named insured: "[B]oth the insurer and the policyholder face a minimum requirement. The insurer cannot offer less than $50,000 [coverage] and the policyholder cannot accept less than $5,000 [coverage]." *Flewellen v. Atlanta Cas. Co.,* supra at 711.

Thus, it is apparent that the rationale of *Jones, Flewellen,* and *Mooney* has efficacy only where there is a dispute between a policyholder and an insurer as to optional coverage. That is precisely the type of dispute which gave rise to those cases, and the insurers' liability therein was premised upon claims made by their policyholders. We hold that a demand for increased coverage by the policyholder is necessary before those who would be incidental or third party beneficiaries as "other insureds" can seek optional benefits.

"In general, it must be recognized that insurance policies are of the nature of personal contracts. The insurer is selective of those risks which revolve around the character, integrity, and personal characteristics of those whom they will insure." *Langley v. Pacific*

*Indemnity Co.,* 135 Ga. App. 29, 30-31 (217 SE2d 369) (1975). " 'The rights of a third person to sue on a contract made for his benefit depend on the terms of the agreement and are no greater than those granted by the contract as intended by the parties thereto. To recover the beneficiary must bring himself within its terms and construction of the contract is involved. Since recovery on a third person beneficiary contract is a recovery on the contract itself, the right of the beneficiary is no greater than if the contract were enforced between the nominal parties, the beneficiary being in no better position than the promisee.' [Cit.]" *Deal v. Chemical Constr. Co.,* 99 Ga. App. 413, 417 (108 SE2d 746) (1959).

In *Mooney,* the passengers in the named insured's vehicle were allowed to claim optional benefits as "other insureds" because Mooney, the policyholder, himself contended that he had not knowingly rejected optional PIP coverage, and Mooney himself elected the higher coverage and tendered the premium therefor. In the case at bar, there is no dispute at all between the policyholder and his insurer as to the terms of the policy. In fact, the policyholder has knowingly elected *not* to purchase the optional coverage available to him. His insurance policy meets the requirements established by the legislature, and neither he nor his insurer has any legal duty to increase his policy limits at the request of an outsider to the contract.

"While the result may appear harsh, this court is 'duty bound to be just before [it is] generous, and "Courts have no more right by strained construction to make the policy more beneficial by extending the coverage contracted for than they would have to increase the amount of the insurance [agreed upon by the policyholder and the insurer]. [Cit.]" [Cit.]' *Pa. Millers Mut. Ins. Co. v. Heule,* 140 Ga. App. 851, 854 (232 SE2d 267)." *Republic Ins. Co. v. Chapman,* 146 Ga. App. 719, 720-721 (247 SE2d 156) (1978).

*Judgment affirmed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED OCTOBER 21, 1983 —
REHEARING DENIED NOVEMBER 2, 1983 — 

*Timothy A. Siler, Mark E. Layng,* for appellant.
*Stephen L. Cotter, Sergio Alvarez-Mena III,* for appellee.