75947, 75948. ETHRIDGE v. TRAVELERS INDEMNITY
COMPANY; and vice versa.
(368 SE2d 542)

POPE, Judge.
Plaintiff Mary Ethridge was injured on October 22, 1983 while riding as a passenger in the automobile of Donald Kehres. The Kehreses' automobile was insured under a policy of insurance originally issued by defendant Travelers Indemnity Company (Travelers) on February 14, 1975. The record shows that in addition to the $5,000 minimum Personal Injury Protection (PIP) coverage statutorily mandated by OCGA § 33-34-4, and the "optional" PIP coverage which the insurer also must offer pursuant to OCGA § 33-34-5, Travelers also offered the Kehreses certain additional no-fault coverage with coverage limits up to $100,000. This coverage, however, to the extent it exceeded the $5,000 minimum no-fault coverage mandated by statute, was limited to the named insured and resident relatives.

Although the Kehreses initially rejected all the "options" described above, choosing instead only the basic PIP coverage, on November 2, 1982 the Kehreses verbally requested the maximum optional coverage which provided $100,000 no-fault coverage for the named insured and the named insured's resident relatives. Travelers amended the policy by endorsement to provide this coverage.

Following Travelers' refusal to provide no-fault benefits to plaintiff in excess of the $5,000 no-fault statutory minimum, plaintiff instituted the present declaratory judgment and damages action, contending that she was entitled to the benefits provided under the optional coverage. Travelers denied coverage on the basis that plaintiff was neither an insured nor a resident relative of the named insured. On motion for summary judgment by both parties, the trial court found that plaintiff was entitled to coverage up to the contractual limit of $100,000, but granted defendant's motion seeking to deny plaintiff's

claim for penalties, punitive damages and attorney fees. *Held*:

## Case No. 75948

Pursuant to OCGA § 33-34-4 owners of motor vehicles required to be registered in this state must obtain both liability coverage and $5,000 coverage for compensation to insured injured persons without regard to fault for certain medical expenses, loss of income or earnings, expenses for services and funeral expenses. The insurer must also make available "optional" no-fault coverage, up to an aggregate limit of $50,000 per person. OCGA § 33-34-5; *Carter v. Banks*, 254 Ga. 550 (2) (330 SE2d 866) (1985). To summarize, our No-Fault Act provides that "[t]he insurer cannot offer less than $50,000 and the policyholder cannot accept less than $5,000." See, e.g., *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 711 (300 SE2d 673) (1983). It can be seen that "optional" no-fault coverage affords an option only for the policyholder, who is free to accept or reject such coverage, not to the insurer, who is *required* to offer such coverage to its insureds.

With this statutory scheme in mind, we turn to the resolution of the issue presented by the present case, to wit, whether an insurer offering additional non-statutory no-fault coverage can limit such coverage to the named insured and his or her resident relatives. Relying on *State Farm Fire & Cas. Co. v. Martin*, 174 Ga. App. 308 (329 SE2d 577) (1985), plaintiff argues that Travelers cannot exclude from coverage those persons defined as insureds pursuant to OCGA § 33-34-2 and would have us answer that question in the negative. In *State Farm v. Martin*, the issue was whether a provision whereby the insurer sought to limit "optional" coverage pursuant to OCGA § 33-34-5 by providing only limited coverage to certain persons, including pedestrians, was valid. Noting that "a pedestrian by statutory definition (OCGA § 33-34-2) is as much an insured as the policyholder" (*State Farm v. Martin*, supra at 308-09) and adopting the trial court's reasoning that " 'within the statutory language all people covered by minimum PIP coverage are entitled to optional PIP benefits when properly elected by the insured,' " (id. at 308), we found that such a provision was invalid as violating the optional no-fault statute. Arguing that since the statutory definition of insured also includes passengers, plaintiff urges that the holding in *State Farm v. Martin* is controlling and we must also hold the limitation in the present case violative of public policy. Although we agree that *State Farm v. Martin* is correct insofar as *statutory* "optional" no-fault coverage is concerned, we disagree that the same result must obtain in the case sub judice.

" 'In general, it must be recognized that insurance policies are of the nature of personal contracts. The insurer is selective of those risks

which revolve around the character, integrity, and personal characteristics of those whom they will insure.' *Langley v. Pacific Indemnity Co.*, 135 Ga. App. 29, 30-31 (217 SE2d 369) (1975)." *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708-09 (309 SE2d 870) (1983). Similarly, "[a]n insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others. [Cits.]" *Standard &c. Ins. Co. v. Davis*, 145 Ga. App. 147, 152 (243 SE2d 531) (1978). As to the policy at issue in the present case, there is no question that the statutorily mandated requirements concerning no-fault coverage, including the offering of "optional" no-fault coverage, were met by the insurer. Cf. *Government Employees Ins. Co. v. Mooney*, 250 Ga. 760 (1) (300 SE2d 799) (1983); *Flewellen*, supra. It is clear then that the no-fault coverage provided by the insurer in the present case was in addition to these compulsory no-fault requirements. Hence, unlike coverage pursuant to OCGA § 33-34-5, the coverage at issue here was truly optional or voluntary as to both the insurer and the insured. In other words the insurer was under no obligation to offer this coverage and the insured was free to accept or reject this coverage as he saw fit. Therefore, the insurer was not subject to the requirements of the No-Fault Act insofar as the act requires no-fault coverage be extended to all "insureds" defined in OCGA § 33-34-2 (5). *Standard &c. Ins. Co.*, supra at 151-52. "That is to say, the compulsory insurance law does not establish public policy as to sums greater than those required by such law. [Cits.]" *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 342 (329 SE2d 136) (1985). Accordingly, the decision of the trial court granting summary judgment to the plaintiff to recover optional no-fault benefits under the terms of the policy must be reversed.

*Case No. 75947*

In light of our decision in Case No. 75948 we hereby direct the trial court to enter summary judgment for defendant Travelers. Accordingly, the question concerning whether the trial court erred in denying plaintiff's claims for penalties, punitive damages and attorney fees is moot.

*Judgment reversed in Case No. 75948; appeal dismissed in Case No. 75947. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 4, 1988 —
REHEARING DENIED APRIL 11, 1988 —

*William L. Skinner*, for appellant.

*Bryan F. Dorsey*, for appellee.