A90A2136. MARYLAND CASUALTY INSURANCE COMPANY, INC. v. JOHNSON.
A90A2137. MARYLAND CASUALTY INSURANCE COMPANY, INC. v. FAGLIER.
(401 SE2d 75)

McMURRAY, Presiding Judge.

Appellees Johnson and Faglier were injured while riding as passengers in an automobile owned by Jessie Cole. The automobile was insured by appellant Maryland Casualty Insurance Company, Inc., pursuant to an insurance policy issued to Jessie Cole's husband, David P. Cole. By letters dated July 18, 1989, appellees made demand upon appellant for optional PIP (personal injury protection) benefits. Subsequently, appellees filed these actions for optional PIP coverage, a 25 percent penalty, punitive damages, and attorney fees, alleging that appellant failed to properly offer optional PIP in compliance with OCGA § 33-34-5 (b).

The superior court granted partial summary judgments in favor of appellees, respectively, on the issue of entitlement to optional PIP coverage, finding that the application for insurance was defective in two regards, that David P. Cole, the named insured, failed to sign the application and that the statement required by OCGA § 33-34-5 (b) is not in bold faced print. Appellant appeals from the partial grants of summary judgment in favor of appellees. *Held*:

There is no evidence that David P. Cole, the policyholder, has ever claimed or paid for optional benefits under the policy or that he has ever authorized anyone to do so in his behalf. "This court has repeatedly held that a 'demand for increased coverage by the policyholder is necessary before those who would be incidental or third-party beneficiaries as "other insureds" can seek optional benefits.' *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708 (309 SE2d 870) (1983). See also *Waco Fire &c. Ins. Co. v. Goudeau*, 178 Ga. App. 426 (1) (343 SE2d 131) (1986); *Occidental Fire &c. Co. v. Buyce*, 173 Ga. App. 881, 882 (328 SE2d 574) (1985); *Vandergriff v. Travelers Ins. Co.*, 172 Ga. App. 198 (322 SE2d 522) (1984)." *Allen v. Indus. Indem. Co.*, 181 Ga. App. 31 (351 SE2d 251). "In *Government Employees Ins. Co. v. Mooney*, [250 Ga. 760 (300 SE2d 799)], the Supreme Court ad-

dressed the issue of whether a guest passenger was entitled to recover optional PIP benefits under the rationale of *Flewellen v. Atlanta Cas. Co.*, [250 Ga. 709 (300 SE2d 673)]. The court held that 'where *the insured* has made his demand and tendered the premium, *other insured persons* under the policy have standing to make claims by submitting proof of loss.' . . . *Mooney*, supra at 762-763. This court interpreted and applied *Mooney* in *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706 (309 SE2d 870) (1983). In that case, we noted that there is a fundamental distinction between an insured/applicant/policyholder and a person who incidentally becomes an 'insured' when he is injured under circumstances covered by another's insurance policy. While the former 'insured' is a party to the contract, the latter 'insured' is not. Although an insurance policy may provide for optional PIP benefits 'from its inception' under *Flewellen*, the insurer's obligation to pay those benefits does not arise until the insured/policyholder — as contrasted to an incidental 'insured' — demands the higher coverage and tenders his premium therefor. Accordingly, we held that 'a demand for increased coverage by the policyholder is necessary before those who would be incidental or third party beneficiaries as "other insureds" can seek optional benefits.' *Bailey*, supra at 708. Accord *Dobbins v. Occidental Fire & Cas. Co.*, 171 Ga. App. 98 (319 SE2d 31) (1984)." *Occidental Fire &c. Co. v. Buyce*, 173 Ga. App. supra at 882 (1). The superior court erred in granting partial summary judgments in favor of appellees.

*Judgments reversed. Sognier, C. J., and Carley, J., concur.*

DECIDED JANUARY 10, 1991.

*Fulcher, Hagler, Reed & Obenshain, Wiley S. Obenshain III, Mark C. Wilby*, for appellant.
*Bell & Bell, David B. Bell*, for appellees.