A90A2232. THRASH et al. v. ATLANTA METRO LEASING, INC.
(402 SE2d 769)

BANKE, Presiding Judge.

The appellants were injured in a collision while riding in a taxicab owned by Checker Taxi Cab Company. Checker was a member company of the appellee, a self-insurance group holding a certificate of self-insurance issued by the Department of Public Safety. The appellee paid the appellants' claims for basic personal injury protection, or no-fault, benefits arising out of the accident but rejected their demand for optional PIP benefits, prompting them to file the present action to recover such benefits, along with a bad faith penalty, punitive damages, and attorney fees.

In its application to the Department of Public Safety for a certificate of self-insurance, the appellee agreed only to provide the minimum amount of no-fault coverage ($5,000) required by OCGA § 33-34-4 (a) (2). However, the appellants nevertheless contend, in reliance on such cases as *GEICO v. Mooney,* 250 Ga. 760 (300 SE2d 799) (1983); *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983); and *Jones v. State Farm Mut. &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), that the appellee obligated itself to provide $50,000 in PIP coverage by failing to make an explicit rejection of such optional coverage in its application. The case is before us on appeal from an order granting summary judgment to the appellee. *Held*:

It has been held that "a plan and certificate of self-insurance serve as the substantial equivalent of a no-fault policy for the purposes of the no-fault act." *Twyman v. Robinson,* 255 Ga. 711, 712 (342 SE2d 313) (1986). However, it has also been held that "the rationale

of *Jones, Flewellen* and *Mooney* has efficacy only where there is a dispute between a policyholder and an insurer as to optional coverage," *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708 (309 SE2d 870) (1983), and that "a demand for increased coverage by the policyholder is necessary before those who would be incidental or third party beneficiaries as 'other insureds' can seek optional benefits." Id. Accord *Vandergriff v. Travelers Ins. Co.*, 172 Ga. App. 198 (322 SE2d 522) (1984); *Allen v. Industrial Indem. Co.*, 181 Ga. App. 31 (1) (351 SE2d 251) (1986).

Clearly, the appellants in this case cannot be considered "holders" of the certificate of self-insurance which was issued to the appellee. Rather, their status with respect to the appellee's self-insurance certificate is analogous to that of a third-party beneficiary or "other insured" under a motor vehicle insurance policy. It follows that the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 14, 1991 —
REHEARING DENIED FEBRUARY 25, 1991 —

*Robert Altman*, for appellants.
*Parkerson & Shelfer, I. J. Parkerson*, for appellee.