A92A0319. HIGDON et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(419 SE2d 80)

BEASLEY, Judge.

The appellants are the three sons and sole heirs of Joseph R. Higdon, Sr., who died testate on August 8, 1989, naming his son Joseph, Jr. as executor and leaving his estate equally to his sons. In lieu of probating the will the appellants agreed upon a distribution of their father's estate among themselves. A house owned by Higdon and insured by Georgia Farm Bureau Mutual Insurance Company was valued at $21,000. The brothers agreed on the shares they would each receive from the proceeds of a prospective sale of the house and that this would finalize and complete the estate's administration.

James was to get title to the house, move in and renovate it for resale, and a deed was executed on October 11, 1989, whereby the other two brothers conveyed their interests to him. Jeffery and his family, who had been living with the father, moved out. The deed was recorded on November 14, 1989, at the same time as a deed to secure debt from James to the bank securing a loan from which the other two brothers received their shares. James moved but never had the homeowners insurance policy assigned in writing to himself or reissued in his name.

James deposed that he called the agent of Farm Bureau who handled his father's insurance and told her he was in the process of going to the bank and borrowing money "on the estate" to do some remodeling. He figured he would be finished in March and sell the house and asked whether the house was covered. He claims that the agent told him it was and that if he decided to keep the house or the insurance ran out before he sold it she would be glad to help him any way

she could on the insurance. The agent denied the conversation.

The house was destroyed by fire on December 23, 1989, and Farm Bureau Mutual denied coverage based upon the following provisions of the father's policy:

"7. *Assignment.* Assignment of this policy will not be valid unless we give our written consent.

"9. *Death.* If any person named in the Declarations or the spouse, if a resident of the same household, dies:

"a. we insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death;

"b. insured includes:

"(1) any member of your household who is an insured at the time of your death, but only while a resident of the residence premises; and

"(2) with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative."

After coverage was denied, the will was offered for probate on November 2, 1990. This was 15 months after the father's death, 13 months after the estate was settled among the heirs and 11 months after the house burned. No administration was undertaken, however, as all property had been distributed and debts paid.

Appellants sued the insurer for all sums due under the policy and for damages for bad faith and attorney fees. Both sides moved for summary judgment on the issue of policy coverage, leaving the question of damages for jury resolution should appellants' motion prevail. The trial court granted summary judgment to Farm Bureau and denied partial summary judgment to appellants.

Appellants contend that it was the premises, not the occupant, that were insured, and that the term "legal representative" does not require a judicial appointment and "could well mean legal heirs who have taken over and have custody of" the property while the policy was in effect.

Coverage is determined as of the time of the occurrence. *Republic Ins. Co. v. Chapman,* 146 Ga. App. 719 (247 SE2d 156) (1978), is a poignant example. When the Higdon house burned, there was no legal representative of the testator. The three brothers had agreed that the estate was completely settled when the deed was executed in October 1989, so the probate of the will and appointment of Joseph, Jr. as executor a year later did not relate back to the fire. " 'It is well settled that agreements among the heirs at law to distribute or divide property devised under a will, in lieu of that manner provided by the will, are valid and enforceable.' [Cits.]" *McGee v. Craig,* 230 Ga. 553, 557 (2) (198 SE2d 165) (1973). The fact that the will was accepted for

probate did not affect the validity or enforceability of the agreement among heirs at law, which in this case was fully consummated before probate. "In a proceeding to probate a will in solemn form the sole issue is devisavit vel non — whether the paper offered for probate is or is not the last will and testament of the deceased." *Thomas v. Roughton*, 227 Ga. 127, 129 (1) (179 SE2d 62) (1971).

Jeffery, who resided with his father and was an insured at the time of his death, had moved out of the house prior to the loss and thus his status as an insured household member had terminated. Since James was not a household member when the father died, and there was no member of the deceased's household who was an insured at the time of the loss, there could only be an insured under the policy if there was someone in proper temporary custody until the appointment and qualification of a legal representative. However, the deed executed to James by Jeffery and Joseph, Jr. was a permanent transfer of title which placed the property in the ownership and "permanent custody" of James. James was not an insured under the policy at the time of the loss because he never obtained the written consent of Farm Bureau to have the policy assigned to him.

If the telephone conversation with Farm Bureau's agent took place as described by James, he told her nothing to apprise her that after his father's death the house had been conveyed to him. Rather, he told her he needed to borrow money because he was "in the process of remodeling *the estate* and all, and [he] just needed to know was there insurance on it for the coverage on the loan." (Emphasis supplied.) This statement did not describe a situation which would negate the coverage, as the policy made it available to someone in temporary custody of the house. James even testified that the agent told him if he did decide to keep the house to let her know and she would help him on the insurance.

"The insured may not unilaterally substitute another party to become insured excepting under the provisions of the contract, even if he wished to do so. The insured alone may sue on a policy of insurance. [Cits.] Either transfer of title to property or transfer of the policy of insurance without the consent of the insurer voids the policy. [Cits.]" *Langley v. Pacific Indem. Co.*, 135 Ga. App. 29, 31 (4) (217 SE2d 369) (1975) " '[I]nsurance policies are of the nature of personal contracts. The insurer is selective of those risks which revolved around the character, integrity and personal characteristics of those whom they will insure.' [Cit.] This reasoning is also reflected in [OCGA § 33-24-7]." *Republic Ins. Co.*, supra at 720 (2). Appellants' reliance on *Ga. Farm Bureau Mut. Ins. Co. v. Brown*, 192 Ga. App. 504 (385 SE2d 87) (1989), is misplaced. That case involved simultaneous transfers from the insured to another and back. This did not result in a completed sale but was " 'merely a sham and device to pre-

vent the institution of a proceeding for alimony on the part of the wife of the insured. [Cit.]' " Id. at 506 (1).

"While the result may appear harsh, this court is 'duty bound to be just before (it is) generous, and "Courts have no more right by strained construction to make the policy more beneficial by extending the coverage contracted for than they would have to increase the amount of the insurance. [Cit.]" [Cit.]' [Cit.]" *Republic Ins. Co.*, supra at 720 (3).

Since the insurer showed that no coverage existed, the trial court properly granted summary judgment in its favor.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 6, 1992.

*Walter S. Meetze, Jr., Allgood, Childs, Mehrhof & Millians, Thomas F. Allgood, Jr.,* for appellants.

*Dunaway & Wallace, Robert W. Dunaway, Jr.,* for appellee.